[Civ. No. 9344.   Third Dist.   May 6, 1958.]

VERA ALLEN DAWSON, Appellant, v. ELVIN RASH, Respondent.

Vera Allen Dawson, in pro. per., and Ernest E. Emmons, Jr., for Appellant.

Frederick W. Reyland, Jr., County Counsel (Stanislaus), David G. Dunford, Assistant County Counsel, and Clayton M. Ham, Deputy County Counsel, for Respondent.

SCHOTTKY, J.—Plaintiff sued defendant for malicious prosecution. It was alleged in the complaint that defendant is and was employed by the county of Stanislaus as a deputy building inspector; that on January 6, 1954, before a justice of the peace, defendant falsely and maliciously and without probable cause charged plaintiff with willfully and unlawfully erecting a dwelling without first securing a building permit; that defendant prayed plaintiff be apprehended on the charge; that as a result plaintiff was arrested and deprived of her liberty, brought before a magistrate and arraigned to plead on said charge; that plaintiff was wrongfully deprived of her liberty until bail was arranged; that the charge was later dismissed and the prosecution ended; that plaintiff was not guilty of such charge; that the charge was made by defendant without probable cause to suspect plaintiff of guilt and was caused by defendant in furtherance of his expressed intent and design to prosecute plaintiff and involve plaintiff in expensive litigation; and that as a result plaintiff has been damaged in her credit and reputation in the community.

Defendant's demurrer to this complaint was overruled and he filed an answer to the complaint in which he denied the charges and in which he alleged as an affirmative defense that he acted within the scope of his employment as a deputy building inspector. Thereafter defendant made a motion for summary judgment. The basis for the motion was that defendant at all times was acting within the scope of his official duties as a deputy building inspector and accordingly was immune from liability for alleged malicious prosecution. Five affidavits in support of the motion were filed. The first was an affidavit of the county clerk setting forth the ordinance constituting a second unit of the county zoning plan. The second was by the personnel officer showing defendant's employment as a deputy building inspector and stating that one

of his duties was to enforce the provisions of the county zoning ordinance. The third was an affidavit of the clerk of the justice court containing a copy of the request of the district attorney for the dismissal of the charge, which request stated that the dismissal was for the purpose of filing a new complaint. (Pen. Code § 1387, provides that an order for the dismissal of an action is a bar to any other prosecution for the same offense if it is a misdemeanor.) The fourth was an affidavit by the building inspector stating that all of the defendant's acts were done in the course of his duties as deputy building inspector and in obedience to the building inspector's orders. The fifth was an affidavit by defendant in which he stated that acting under the instruction of his superior officer he called on plaintiff and ascertained that she had no permit for the erection of more than one structure as required by the ordinance; that he gave this information to the building inspector and then to the assistant county counsel who after hearing this information advised that defendant consult the district attorney; that he did so and that an assistant district attorney advised defendant that he was of the opinion that plaintiff had violated the county ordinance; that the assistant district attorney drafted a criminal complaint and gave it to defendant with instructions that defendant take it before the judge of a justice court and sign it; that defendant did so; and that all of defendant's acts were within the scope of his employment and done pursuant to instructions of his superior officer after legal advice from the county counsel and the district attorney; and that he has not now nor did he ever have any malice toward the plaintiff.

Plaintiff, in her affidavit in opposition to the motion, alleged that the complaint filed in the justice court did not state a cause of action because no permit was required for the building; that the complaint was dismissed; that her complaint states a good cause of action because it shows there was lack of probable cause in signing the complaint; that defendant's general demurrer to the complaint was overruled so it does state a cause of action; that "it was not within the scope of duties, or course of employment, of an agent, officer, or employee of the County of Stanislaus to file a criminal complaint, and order a warrant of arrest issued against the affiant on a complaint that did not state a public offense, and which complaint was dismissed thereafter at the request of the District Attorney of the County of Stanislaus; that no privilege

or immunity exists because of poor legal advice"; and that defendant's statement of lack of malice is untrue and inconsistent with threats made before witnesses to the effect he would arrest her.

The motion for summary judgment was granted. Plaintiff has appealed from the judgment and her principal contention is that the court erred in determining that there were no triable issues of fact.

Section 437c of the Code of Civil Procedure provides in part as follows:

". . . when an answer is filed in any kind of action if it is claimed that there is no defense to the action or that the action has no merit, on motion of either party, . . . supported by affidavit of any person or persons having knowledge of the facts, the answer may be stricken out or the complaint may be dismissed and judgment may be entered, in the discretion of the court unless the other party, by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact."

The rules applicable to a motion for summary judgment under section 437c are well stated in *Eagle Oil & Refining Co., Inc.* v. *Prentice*, 19 Cal.2d 553, at page 555 [122 P.2d 264], as follows:

"At the outset it should be observed that there are several pertinent fundamental principles which should be observed in the application of and procedure under section 437c. The issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case. [Citing cases.] If that were not true, controversial issues of fact would be tried upon affidavits by the court and not a jury. Because the procedure is summary and presented on affidavits without the benefit of cross-examination, a trial by jury and opportunity to observe the demeanor of witnesses in giving their testimony, the affidavits filed on behalf of the defendant should be liberally construed to the end that he will not be summarily deprived of the full hearing available at a trial of the action and the rights incident thereto.

"The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact. (See *Walsh* v. *Walsh, supra* [18 Cal.2d 439 (116 P.2d 62)].)"

Preliminarily, it should be stated that the principal question with which we are confronted is whether or not respondent, in swearing to the complaint against appellant, was acting within the scope of his duties as building inspector. If he was so acting, it is clear that he would have a defense to the action, for a public officer is not liable for civil damage for acts done in the performance of his official duties, and the enforcement of building ordinances would be part of the official duty of a deputy building inspector.

█ As was said in the leading case of *White* v. *Brinkman*, 23 Cal.App.2d 307, at pages 313, 317 [73 P.2d 254] :

". . . The exemption of judicial or *quasi*-judicial officers from civil liability for acts done in performance of their official duties has been established not primarily for the protection of such officers, but as a settled rule of public policy for the protection of the public, and the better assurance of fair and impartial administration of justice, without fear or favor, in the protection of life and property. The immunity applies even despite malicious or corrupt conduct in the exercise of jurisdiction.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"The defendant Thompson is joined as a tort-feasor in his capacity as city manager. The city charter is a state statute of which judicial notice may be taken; and in the defendant's brief there is quoted section 28 of the charter. That section makes the manager responsible to the council for the efficient administration of all the affairs of the city. And with him rest the power and the duty 'to see that all laws and ordinances are duly enforced,' he being 'declared to be beneficially interested in their enforcement, and to have the power to sue in the proper court to enforce them.' As the chief executive and person in authority over the building inspector, he stands alongside Brinkman, and is favored with the same immunity. As an illustration of the application of the general rule, reference may be had to *Downer* v. *Lent*, 6 Cal. 94 [65 Am. Dec. 489], an action brought by a pilot whose license had been revoked by the pilot commissioners, and, as was alleged, wrongfully and maliciously. The plaintiff had judgment which, however, was reversed on appeal; the court holding that the commissioners were entrusted with certain duties, the performance of which required the exercise of judgment. 'Whenever, from the necessity of the case,' said the court, 'the law is obliged to trust to the sound judgment and discretion of an officer, public policy demands that he should

be protected from any consequences of an erroneous judgment.' So in *Turpen* v. *Booth,* 56 Cal. 65 [38 Am.Rep. 48], exemption was extended to grand jurors, however erroneous their action may be and however malicious their motives.

''The principle is one so well established as to have become elementary; and it affords protection in general to officers and public servants exercising judgment and discretion in the discharge of their duties, howsoever they may be called. Among those in whose behalf the rule has been successfully invoked have been members of a board of health, county supervisors, food inspectors, registrars of voters, election inspectors and other officers and commissioners charged with duties of various kinds involving judgment and discretion.'' (See also *White* v. *Towers,* 37 Cal.2d 727 [235 P.2d 209, 28 A.L.R.2d 636].)

Bearing the foregoing well-settled principles in mind, we are convinced that no issue was presented as to whether respondent was acting in his official capacity as deputy building inspector. The complaint alleged that respondent was deputy building inspector and alleged further that in procuring the issuance of the warrant of arrest respondent, ''as deputy Building Inspector, well knew that plaintiff was not in violation of the provisions of County Ordinance 353.'' The affidavits filed by respondent in support of the motion for summary judgment, as hereinbefore summarized, set forth the ordinance, the duties of the deputy building inspector, and stated that the acts of respondent in filing the criminal complaint were within the scope of his employment.

Appellant, in her affidavit in opposition to the motion, did not deny that respondent filed the complaint as deputy building inspector, but stated that ''it was not within the scope of duties, or course of employment, of an agent, officer, or employee of the County of Stanislaus to file a criminal complaint, and order a warrant of arrest issued against the affiant on a complaint that did not state a public offense.'' We do not believe that this presented any real issue to the court. There is no fact stated in the affidavit in opposition denying that the duty of a deputy building inspector would include enforcement of the ordinance if one erected a building without a permit or that he acted outside his authority when he filed the complaint. The gist of the affidavit is that where a complaint does not state an offense the public officer does not act within the scope of his duties and therefore is not within the immunity allowed public officers when acting

within the scope of their duties. Such is not the rule. ▇ A building inspector charged with the investigation of purported violations of building ordinances is immune from civil liability for alleged malicious prosecution. We agree with the following statement of the trial judge in his memorandum opinion:

"The complaint alleges that the Defendant was a Deputy Building Inspector. If this is not surplusage, the inference is that he acted as such, and this is alleged in the affidavits in support of the motion, and is nowhere denied either in the Complaint or in the Counter Affidavits of the Plaintiff. If Plaintiff desired to specifically allege that Defendant did *not* act in his official capacity, she should have so stated in her affidavit and asked leave to amend the Complaint accordingly. But she did neither. In the face of the allegations of the Complaint and the Affidavits in support of the motion, it would seem difficult, if not impossible, to successfully contend that the defendant was *not* acting in his official capacity."

▇ Appellant's final contention is that the court erred in failing to permit her to amend her complaint. During the course of the hearing of the motion for summary judgment, counsel for appellant stated that if the court came to the conclusion that it would grant the motion unless the complaint were amended he would request permission to amend, but that he felt that no amendment was necessary. No request was made for permission to amend and the motion was submitted. Appellant's counsel at no time stated just what amendment he wished to make, but instead stated that he felt that no amendment was necessary. Furthermore, it is difficult to understand how, in view of the allegations of the complaint and appellant's affidavit, appellant could offer any amendment that would present an issue as to whether respondent was acting in his official capacity as deputy building inspector. There is, therefore, no merit in appellant's contention that the court erred in failing to permit her to amend her complaint.

No other points raised require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 2, 1958. Carter, J., was of the opinion that the petition should be granted.