*260
 
 THE COURT.
 

 This case is companion to
 
 Haase
 
 v.
 
 Gibson,
 
 No. 24076,
 
 ante,
 
 page 256 [3 Cal.Rptr. 806]. The instant appeal is, similarly, from a judgment of dismissal following an order sustaining a general demurrer to appellant’s complaint without leave to amend.
 

 The action in the case at bar seeks an award of damages for “misfeasance” against the Honorable Phil S. Gibson, Chief Justice of the Supreme Court of California; the Honorable Gilbert Perry, the trial judge who ordered the judgment of nonsuit in the ease of
 
 Haase
 
 v. Cardoza; Mr. Justice Pro Tempore Warne, author of the opinion of the appellate court affirming said judgment of nonsuit
 
 (Haase
 
 v.
 
 Cardoza,
 
 165 Cal.App.2d 35 [331 P.2d 419]); and certain other individuals, including Alice I. Cardoza, respondent on the former appeal.
 

 The complaint alleges that “for the purpose of covering up and concealing lack of grasp of both the law and the facts in
 
 [Haase
 
 v. Cardoza] and his distortion of both . . . the trial judge Superior Judge Gilbert B. Perry caused the doctoring of the reporter’s transcript to manufacture a jurisdiction which he did not and could not have or possess.” The “doctoring” complained of was the insertion of a statement to the effect that defendant’s motion for nonsuit was granted “pursuant to Section 1606 of the Code of Civil Procedure.” The complaint further alleges that the Chief Justice “acting without warrant of law and in manner Caesaristic did transfer plaintiff’s appeal from said judgment from the First Appellate District where it legally belonged to the Third Appellate District where it did not legally belong” and “hand picked” Justice Pro Tern. Warne who, by his opinion on appeal, did “fish out, sustain and rescue Superior Court Judge Gilbert B. Perry in and from his tortious and jurisdietionless acts.”
 

 As above indicated, the trial court sustained a general demurrer without leave to amend filed by defendant Perry. This appeal is from the judgment dismissing the action as to said defendant.
 

 The complaint herein states no semblance of a cause of action against the respondent judge. There is absolutely no basis whatever for appellant’s contention that Judge Perry acted without jurisdiction. The complaint indicates, and we may take judicial cognizance of the fact, that Judge Perry was at all material times a duly and regularly qualified judge of the court in which appellant elected to file her original action.
 

 Not only does the complaint fail to allege any facts
 
 *261
 
 sufficient to show misfeasance or misconduct on the part of respondent, but it is clear that the action is barred by the immunity which protects public officers acting within the scope of their official duties against charges of the character here asserted.
 

 In
 
 Reverend Mother Pauline
 
 v.
 
 Bray,
 
 168 Cal.App.2d 384 [335 P.2d 1018], the doctrine of sovereign immunity was applied in a very similar type of case where the unsuccessful appellant was represented by the same attorney who appears for appellant here. The following language from that decision applies with equal force to the ease at bar: “It is apparent that the complaint stated no cause of action by reason of the immunity which protects public officers acting within the scope of their duties against charges such as are here made. It is settled law that the defense of sovereign immunity from suit presents a jurisdictional question.
 
 (People
 
 v.
 
 Superior Court,
 
 29 Cal.2d 754, 756-757 [178 P.2d 1, 40 A.L.R.2d 919].) This immunity protects public officers and employees acting within the scope of their duties even against charges of malicious personal torts such as are charged here.
 
 (White
 
 v.
 
 Towers,
 
 37 Cal.2d 727 [235 P.2d 209, 28 A.L.R.2d 636];
 
 Hardy
 
 v.
 
 Vial,
 
 48 Cal.2d 577 [311 P.2d 494].) It is clear from the pleading that what was alleged to have been done by the defendant could only have been done by him within the scope of his duties as a member of the court. Allegations that defendant acted maliciously, in violation of law and arbitrarily, that he was motivated by rancor, malice, and spleen, and acted with the intention to harm, to oppress and threaten, do not destroy the immunity.” (168 Cal.App.2d at 385-386.)
 

 The judgment is affirmed.