[Civ. No. 18787.   First Dist., Div. Two.   July 11, 1960.]

EUGENE A. TALIAFERRO, Appellant, v. COUNTY OF CONTRA COSTA et al., Respondents.

*Assigned by Chairman of Judicial Council.

Eugene A. Taliaferro, in pro. per., for Appellant.

John A. Nejedly, District Attorney, Charles L. Hemmings, Chief Civil Deputy District Attorney, and R. H. Betzenderfer, Deputy District Attorney, for Respondents.

GOOD, J. pro tem.*—In this action for damages, plaintiff appeals from a judgment entered in favor of defendant, a judge of the San Pablo Judicial District in Contra Costa County, after the latter's demurrer to plaintiff's complaint was sustained without leave to amend. The complaint alleged that plaintiff was arrested upon a warrant issued by said judge upon a criminal complaint charging plaintiff with commission of a misdemeanor defined in section 93 of the Labor Code by his wilfully ignoring a subpoena duces tecum requiring his appearance at a Labor Commissioner's hearing in Oakland, Alameda County; that the proceedings were transferred to and tried by the Martinez Judicial District Court, wherein a jury returned a verdict of guilt that, on appeal to the appellate department of the Superior Court of Contra Costa County, was reversed upon the grounds that neither the San Pablo court that issued the warrant nor the Martinez court that tried the case had jurisdiction because the crime charged, if committed, was wholly committed in Alameda County. The complaint consisted of five separate causes of action, each aimed at a separate defendant. We are here concerned only with the fourth cause though allegations from the second cause (involving the district attorney) are by reference incorporated into the former. The incorporated allegations charge personal animosity, hatred, corrupt motives and the seeking of personal revenge upon plaintiff "for personal and private motives entirely foreign to and unconnected with official duty." It is also alleged that the service of the original subpoena was invalid on its face because not accompanied by the affidavit required by section 1987.5 of the Code of Civil Procedure showing the relevancy of documents required to be produced; and, finally, that the criminal complaint for the issuance of the warrant of arrest showed lack of jurisdiction on its face "because the subpoena commanded obedience in the County of Alameda and no disobedience could take place elsewhere" and the judge, at the time of issuance, had personal knowledge of such lack of jurisdiction as well as of the fact that claimant in the labor

---

*Assigned by Chairman of Judicial Council.

hearing had no bona fide claim for wages against plaintiff anyway.

Section 93 of the Labor Code provides: "Obedience to subpoenas issued by the Labor Commissioner, or his deputies or agents shall be enforced by the courts. It is a misdemeanor to ignore wilfully such a subpoena if it calls for an appearance at a distance from the place of service of fifty miles, or less." While *Gue* v. *Dennis,* 28 Cal.2d 616 [170 P.2d 887] states that the objective of section 93 is an adjudication in contempt if noncompliance with such subpoena persists, the statement is obviously limited in application to the first sentence of section 93. The contempt proceedings referred to in *Gue* are independent of and separable from the prosecution of the misdemeanor created by the second sentence of section 93. In an analogous context, this distinction was analyzed in *In re Morris,* 194 Cal. 63 [227 P. 914], which held that a prosecution for a misdemeanor under section 166 of the Penal Code is not a bar to contempt proceedings for the same act in the contemned court and that the question of "once in jeopardy" does not arise in such situations.

There is no statute expressly providing that a justice of the peace may issue warrants only for offenses committed within his county. But the jurisdiction of California's inferior courts is limited and includes only that expressly conferred by statute. *Antilla* v. *Justice's Court,* 209 Cal. 621 [290 P. 43], stated the rule: "The jurisdiction of justices' courts being special and limited, the law presumes nothing in favor of their jurisdiction . . ." Further, it has been held that where an inferior court has no jurisdiction of the offense charged in a complaint "it necessarily follows that all proceedings in connection therewith are void." (*Fueller* v. *Justice's Court,* 134 Cal.App. 305, p. 311 [25 P.2d 248].)

Because of the territorial limitation of the jurisdiction of judicial district courts to misdemeanors committed within their counties (Pen. Code, § 1425), the recognition by the legislature of cases wherein a misdemeanor warrant may be issued in one county for an offense triable in another county when the complaint specifically shows that the accused is in the former (Pen. Code, § 829) does not appear to constitute an enlargement of jurisdiction, magisterial or otherwise, of judges of inferior courts but, on the contrary, is an exception limited to the special showing required by the code in the particular case. Plaintiff's civil complaint herein discloses that the warrant was not issued pursuant to said

section 829 and, upon motions that were the equivalent of the demand therein mentioned, the required transmittal of proceedings was not complied with.

While the allegations of a complaint are deemed true in ruling upon demurrers, where an allegation is contrary to law or to a fact of which a court may take judicial notice, it is to be treated as a nullity. (*French* v. *Senate*, 146 Cal. 604, pp. 607-608 [80 P. 1031, 2 Ann.Cas. 756, 69 L.R.A. 556].)

An appellate court may judicially notice a fact even though the record does not show that notice thereof was taken by the trial court. (*People* v. *Tossetti*, 107 Cal.App. 7 [289 P. 881].) Further, it must be noted that the reversal of the judgment of conviction in the criminal proceeding of the appellate department of the Contra Costa County Superior Court, if made upon the alleged ground of lack of jurisdiction, is not *res adjudicata* in this civil action because the parties are entirely different in the two actions. (*In re Anderson*, 107 Cal.App.2d 670, p. 671 [237 P.2d 720] ; 3 Witkin, California Procedure, p. 1943.)

It must also be noted that, by reason of sound public policy, it is well settled that a judge is immune from civil liability for every act performed within the general scope of the official duties entailed by law upon him even though it is charged that an act was a malicious personal tort. (*Haase* v. *Gibson*, 179 Cal.App.2d 259 [3 Cal.Rptr. 808].) The rule is the same whether the acts of a judge of an inferior court or one of general jurisdiction are involved. The rule is quoted in *Singer* v. *Bogen*, 147 Cal.App.2d 515, at page 522 [305 P.2d 893] : " '. . . "With respect to all judicial officers, —justices of the peace, as well as judges of the higher courts,— the settled law . . . is that, where they act within their jurisdiction, they are not amenable to any civil action for damages. No matter what their motives may be, they cannot be inquired into." ' " Difficulty in the application of the rule arises in cases where on the facts disclosed by a complaint the issue of jurisdiction is in doubt and must be resolved by the exercise of reasoned judgment. As Justice White pointed out in *Frazier* v. *Moffatt*, 108 Cal.App.2d 379, at page 386 [239 P.2d 123] : ". . . the test of immunity from a civil suit for damages on the part of a judicial officer is not whether he committed an error of judgment in acting as he did, but the question of judicial immunity must be determined on the basis of whether the act in question was within the general scope of the officer's judicial powers and whether he acted in an honest belief that he was legally warranted

in doing it." Again, *Platz* v. *Marion,* 35 Cal.App. 241 [169 P. 697], held that if a justice of the peace "honestly and in good faith or without being actuated therein by malicious or corrupt motives" erroneously decides he has jurisdiction he is not to be held liable in civil damages for an honest error of judgment.

The meaning of the phrase "within the general scope of judicial powers" or "within the judicial competency of the magistrate" as applied to judges of courts of inferior jurisdiction in California must include all of those cases wherein any reasonable ground for assumption of jurisdiction arises under the facts disclosed by a criminal complaint and the law applicable thereto. Otherwise, the administration of justice in a most important sphere would be seriously hampered by depriving such judges of the immunity from civil suit that society recognizes as essential to the maintenance of an efficient and independent judiciary. Though there are copious attacks upon the good faith and motives of defendant judge in plaintiff's complaint, if the criminal complaint disclosed facts that would reasonably cause a judge of an inferior court to believe jurisdiction existed then the allegations of malice and corrupt motives are but surplusage under the authorities above cited.

Plaintiff's complaint alleged that the criminal complaint was issued against him as a resident of San Pablo and charged him with ignoring the subpoena issued and served under the circumstances above detailed. He correctly argues that *failure to appear* can occur only at the place where an appearance is directed. But the argument is based upon a paraphrase of the language of section 93 that (as in contempt proceedings) emphasizes but one aspect of the denounced act. The statutory definition of the alleged misdemeanor uses the phrase "*to wilfully ignore*" such subpoena to define the denounced act. In our opinion this phrase may reasonably be interpreted as a personal act not confined to the forum of appearance. None of the considerations that confine jurisdiction to punish for contempt to the contemned court apply to said misdemeanor and failure to appear is but an element of proof of the act denounced by section 93 as an offense against the peace and dignity of the people of the State of California. It is the direct punishment of that act rather than a vindication of the Labor Commissioner's office that is contemplated by the misdemeanor provisions of Labor Code, section 93. The allegation of plaintiff's residence in

San Pablo and judicial notice of its geographical proximity to Oakland furnished reasonable grounds for the defendant judge to believe that the criminal act denounced by said section 93 had occurred in Contra Costa County and that the filing of the criminal complaint demanded the exercise of the magisterial power. The alleged invalidity of the service of the subpoena by reason of noncompliance with Code of Civil Procedure, section 1987.5, might well constitute a plenary defense to the prosecution but would not affect the matters at issue in this appeal.

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.