[Civ. No. 6371.   Fourth Dist.   Jan. 25, 1961.]

GLADYS KEYLON, Appellant, v. HASKELL KELLEY, Respondent.

Leonard C. Hall, Jr., for Appellant.

Stephen K. Tamura, County Counsel, and John C. Sample, Assistant County Counsel, for Respondent.

SHEPARD, J.—In this action for damages for alleged malicious prosecution, summary judgment was granted on motion of defendant. Plaintiff appeals.

Plaintiff's complaint alleges, in substance, that on October 31, 1957, defendant swore to a criminal complaint charging plaintiff with the crimes of assault and disturbing the peace; that defendant had no probable cause therefor and filed said charges with malicious intent to injure plaintiff; that on trial said criminal complaint was dismissed; that plaintiff was damaged. Defendant, by answer, admitted filing the criminal complaint, denied lack of probable cause; denied malice; denied damage; and set up as affirmative defenses (1) that he was marshal of the municipal court and filed the complaint pursuant to his official duty as marshal; (2) that prior to filing the criminal complaint he made a full and fair disclosure of the facts known to him to a deputy district attorney of Orange County, and was advised by said deputy district attorney to subscribe and swear to the criminal complaint complained of.

After filing the answer, defendant gave notice of motion for summary judgment and filed his affidavit with points and authorities in support thereof, as provided by Code of Civil Procedure, section 437c. Such affidavit is positive on affiant's own knowledge. In the affidavit he set forth in detail that shortly before the filing of the criminal complaint, he had received a detailed written report from his deputy marshal relating to an altercation growing out of the levy of an attachment on the property of plaintiff herein by said deputy marshal, which altercation was between plaintiff herein and a keeper placed in charge of the business of plaintiff herein by said deputy marshal pursuant to said attachment; that defendant herein, after receipt of said report, interrogated said keeper and said deputy marshal; that thereafter he disclosed all of the facts of the report and his said interrogation in full to a deputy district attorney and upon the advice of said deputy district attorney to do so, did sign and file the criminal complaint.

No affidavit by plaintiff personally was filed in opposition to defendant's affidavit. The only counteraffidavit was made by plaintiff's attorney on information and belief. It purports to refute at length the truth of the details of the altercation reported to defendant by said deputy marshal. It does not attempt in any way to refute the statement of defendant's affidavit that defendant had made a full disclosure to a deputy district attorney of the facts known to defendant, and that defendant had filed the criminal complaint on advice of said deputy district attorney pursuant to defendant's official duty. On this state of the record the trial court granted the summary judgment appealed from.

### POINTS ON APPEAL

Only two points are made by appellant on this appeal. First, that defendant (even though marshal of the municipal court) was not acting within his official duty as a police officer; and, second, that defendant's affidavit was not positive on his own knowledge.

### SUMMARY JUDGMENT RULE

On a motion for summary judgment under Code of Civil Procedure, section 437c, the purpose of the motion is to discover whether or not there are triable issues of fact. If the opposition affidavit sets up facts showing that there are triable issues of fact, such facts must be accepted as true and the motion must be denied. On the other hand, if the positive affidavit in support of the motion is sufficient to support the

granting of the summary judgment and if the counteraffidavit of the opposing party does not show any triable issue of fact, then the motion for summary judgment should be granted. (*Coyne* v. *Krempels*, 36 Cal.2d 257, 260 [1] [223 P.2d 244]; *Dawson* v. *Rash*, 160 Cal.App.2d 154, 160 [5] [324 P.2d 959]; *People* v. *City of Garden Grove*, 165 Cal.App.2d 794, 798 [1-3] [332 P.2d 841]; *McHugh* v. *Howard*, 165 Cal.App.2d 169, 174 [331 P.2d 674].)

## Public Officer Immunity

In the case here at bar, defendant, by his affidavit in support of his motion, set forth that in filing the criminal complaint he was acting pursuant to his duties as Marshal of the Municipal Court of the Anaheim-Fullerton Judicial District of Orange County, and gave the factual details showing this to be true. ■ A marshal is a peace officer. (Gov. Code, §§ 26600-26602, 71265.) A sufficient defense under the policy of immunity to public officers for acts done pursuant to their official duties, was set forth in defendant's affidavit. ■ As was said in *White* v. *Towers*, 37 Cal.2d 727, 729-730 [235 P.2d 209, 28 A.L.R.2d 636]:

"When the duty to investigate crime and to institute criminal proceedings is lodged with any public officer, it is for the best interests of the community as a whole that he be protected from harassment in the performance of that duty. The efficient functioning of our system of law enforcement is dependent largely upon the investigation of crime and the accusation of offenders by properly trained officers. A breakdown of this system at the investigative or accusatory level would wreak untold harm. 'Criminal law does not enforce itself. It demands the assistance of valid evidence and fearless officials to put it in execution. Because of their tendency to obstruct the administration of justice, it is the policy of the law to discourage actions for malicious prosecution.' " (See also *Hardy* v. *Vial*, 48 Cal.2d 577, 582-583 [5-6] [311 P.2d 494]; *Haase* v. *Gibson*, 179 Cal.App.2d 259, 260 [1] [3 Cal.Rptr. 808]; *Dawson* v. *Rash*, *supra*; *Cross* v. *Tustin*, 165 Cal.App. 2d 146, 149 [1] [331 P.2d 785]; *Reverend Mother Pauline* v. *Bray*, 168 Cal.App.2d 384, 386 [4] [335 P.2d 1018].)

■ Plaintiff's opposition affidavit does not even attempt to refute this defense. The entire burden of plaintiff's opposition affidavit is devoted to an attempt to contradict the details of the activities of plaintiff and said keeper out of which the charges of assault and disturbing the peace originated. Of

course, if plaintiff had been convicted of those offenses in the criminal trial there would have been no foundation whatever in the first instance for the filing of the present action and thus no reason to set up the defense of official immunity. This defense having been completely ignored by the only opposing affidavit, no triable issue was presented thereon. The defense was good and the summary judgment was correct on this defense alone.

### FULL DISCLOSURE AND ADVICE FROM ATTORNEY

The second point involves the contention that defendant's affidavit that he had fully stated the facts known to him to the prosecuting attorney could not have been on his positive knowledge. As hereinbefore noted, defendant's affidavit does, on his positive knowledge, set forth the fact that he had received a written report from his deputy marshal, that he had interrogated the deputy marshal and the keeper as to these facts, that he had given the prosecutor the full details of how he acquired his knowledge and what the facts related to him were, and that the prosecuting attorney on this recital had advised the signing and filing of the complaint. Plaintiff's opposition affidavit, again, completely fails to in any way negate this valid defense.

The question here is whether defendant acted in good faith on reasonable or probable cause, not whether the details of the altercation as revealed by his investigation, were true. As hereinbefore noted, had they been found true by the trial court in the criminal case, no foundation would have existed in the first instance for the filing of the present action. Plaintiff's affidavit does not challenge either the fact of full disclosure nor defendant's good faith, nor that the district attorney did not, in fact, advise him to file the complaint, nor does it attempt to show that from the standpoint of this defendant there was no probable cause. Arguments to that effect by appellant are not supported by the affidavit. Plaintiff does not even suggest that defendant did not sufficiently investigate the case before reporting to the district attorney.

As was said in *Richter* v. *Neilson*, 11 Cal.App.2d 503, 508 [6] [54 P.2d 54] : ''Moreover, it has long since been the law that if in addition to his own belief a defendant proves that before commencing the prosecution of the action alleged to be malicious he sought the legal advice of an officer selected by the people to prosecute offenders against laws and in good faith fully and fairly disclosed to that officer all of the in-

formation he possessed and was then advised that a crime had been committed and the prosecution is based upon a complaint prepared by that officer, he has made out a complete defense to the action . . ." See also *Ross* v. *O'Brien,* 9 Cal.App.2d 1, 5 [4] [48 P.2d 718]; *Murdock* v. *Gerth,* 65 Cal.App.2d 170, 178 [5] [150 P.2d 489]; *People* v. *Hood,* 150 Cal.App.2d 197, 201 [5] [309 P.2d 856]; *Arata* v. *Superior Court,* 153 Cal.App.2d 767, 775 [7] [315 P.2d 473].)

Plaintiff cites in support of her theory, *Dunlap* v. *New Zealand Fire & Marine Ins. Co.,* 109 Cal. 365 [42 P. 29], which was an action for malicious prosecution (based on an original charge of embezzlement) in which a judgment for plaintiff was reversed. That authority, in fact, supports the position of defendant herein. The court therein, quoting from an Iowa case relating to whether the actual details of occurrence were within the personal knowledge of the defendant, says at pages 371-372: " 'He is not required to institute a blind inquiry to ascertain whether facts exist which would tend to the exculpation of the party accused, but, if he honestly believes that he is in possession of all of the material facts, and makes a full and fair statement of the facts to the counsel, and acts in good faith on the advice given him, he ought to be protected.' . . . 'It would be a very harsh rule, and one calculated to discourage entirely the making of complaint by private individuals to hold that one who has acted on the advice of the district attorney, given upon a full and fair statement of all the material facts which he knew, *or which he had reasonable ground to believe existed* at the time, was not protected by the advice of the attorney, simply because he did not, before making the complaint, learn of other material facts, of the existence of which he might have learned by reasonable inquiry.' " (Emphasis ours.)

In the case of *Walton* v. *Will,* 66 Cal.App.2d 509, 517 [152 P.2d 639], in the concurring opinion, is the following: "The interests of public safety do not require that the officer pursue inquiry further at the request of the party about to be arrested. He is required to possess only sufficient information to constitute a probable cause. [Citation.] In determining whether there was probable cause for the arrest Puissegur was not called upon to show that he exhausted all sources of information suggested by respondent." (See also *Jensen* v. *Leonard,* 82 Cal.App.2d 340, 351 [186 P.2d 206].)

We conclude that plaintiff's second contention is without merit.

The question of the absence of any positive affidavit by plaintiff we need not discuss, in view of its insufficiency to raise an issue on its face.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.