Filed 8/29/24  Mendones v. Sate of Cal. CA1/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| MARIDOL MENDONES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>STATE OF CALIFORNIA et al.,<br><br>    Defendants and<br>    Respondents. | A170046<br><br>(San Francisco City &<br>County Super. Ct. No.<br>CPF-23-517961) |

In this latest action, Maridol Mendones appeals from the dismissal of her first amended complaint (FAC) alleging the Honorable Tani G. Cantil-Sakauye, Chief Justice of California (Ret.), Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California, and Florentino Jimenez, Assistant Deputy Clerk of the Supreme Court of California (collectively, Judicial Respondents) improperly denied a fee waiver application. Mendones also challenges the denial of her motion to vacate the judgment. We find the appeal meritless.

This follows a pattern.  Since 2021, Mendones has, while self-represented, "commenced, prosecuted, or maintained" five appeals in this court—not including this one—that have been "finally determined adversely"

to her within the meaning of Code of Civil Procedure section 391, subdivision (b)(1)(i).[1]

Accordingly, we affirm the trial court's judgment, and, on our own motion, we conclude Mendones is a vexatious litigant. We therefore impose a prefiling order prohibiting her from filing new litigation in the courts of this state without first obtaining permission from the presiding judge or justice where the litigation is proposed to be filed. (§§ 391, subd. (b)(1)(i), 391.7, subd. (a).)

### FACTUAL AND PROCEDURAL BACKGROUND

Since her termination of employment as a registered nurse in 2018, Mendones has filed and maintained seven appeals in this court, inclusive of this one, as a self-represented litigant.

*Prior Adversely Determined Appeals*

Of the seven appeals in this court, the following five have been determined adversely to her and are now final:

(1) In *Mendones v. Board of Registered Nursing*, case No. A162692, she appealed the denial of her petition for a writ of mandate challenging the revocation of her registered nurse license. We affirmed by written opinion on February 10, 2022. Two months later, the Supreme Court dismissed her petition for review. (*Mendones v. Board of Registered Nursing* (May 10, 2022, S273649).)

(2) In *Mendones v. Washington Hospital Healthcare System*, case No. A162989, she appealed an order sustaining a demurrer to her complaint as well as related orders. We dismissed the appeal by written opinion for lack of jurisdiction on February 16, 2022.

(3) In *Mendones v. State of California*, case No. A168160, she appealed an order sustaining a demurrer to her complaint against Judge Frank Roesch in his official capacity as an

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

2

employee of the Alameda County Superior Court. We affirmed by written opinion on January 24, 2024.

(4) In *Mendones v. State of California et al.*, case No. A169817, she purported to appeal an order sustaining Judicial Respondents' demurrer. We dismissed the appeal by order for lack of jurisdiction on March 1, 2024.

(5) In *Mendones v. Washington Hospital Healthcare System*, case No. A169949, she purported to appeal an order denying a motion for reconsideration. We dismissed the appeal by order for lack of jurisdiction on March 22, 2024.

*The Instant Appeal*

In 2019, Mendones petitioned for a writ of mandate challenging the revocation of her registered nurse license, which the trial court denied and this court affirmed. (*Mendones v. Board of Registered Nursing* (Feb. 10, 2022, A162692, [nonpub. opn.].) Mendones then submitted a fee waiver application and petition for review in the California Supreme Court.

Five days later, she received an email from Mr. Jimenez informing her that "the court" denied her request to waive fees. The next day, Mendones replied to Mr. Jimenez in the hope that the court would "still consider [her] fee waiver application or make an advice on how to correct any deficiency in [her] application." Within an hour, Mr. Jimenez responded that the "decision to deny [her] fee waiver request [was] final and [could not] be revoked." After the filing fee deadline passed without being paid, the Supreme Court dismissed the petition. (*Mendones v. Board of Registered Nursing* (May 10, 2022, S273649) [Petition stricken].)

Months later, Mendones filed a complaint alleging various causes of action against Judicial Respondents arising from the denial of her fee waiver application. Judicial Respondents filed a demurrer, which the trial court sustained with leave to amend. Mendones then filed the FAC, reasserting myriad torts and constitutional violations due to the circumstances of her fee

3

waiver's denial.  In general, she alleged Judicial Respondents acted corruptly, contending, for example, that Mr. Navarrete and Mr. Jimenez "forged" former Chief Justice Cantil-Sakauye's signature on the order denying her fee waiver.  Mendones also alleged that she submitted—and that the courts failed to process—a motion to recall the remittitur, motion to reinstate the appeal, and motion for reconsideration.  The trial court again sustained Judicial Respondents' demurrer but without leave to amend, holding that the FAC was barred by absolute judicial immunity and quasi-judicial immunity.

Mendones then prematurely appealed the order sustaining the demurrer, and this court dismissed that appeal.  (*Mendones v. State of California et al.* (Mar. 1, 2024, A169817.)  After judgment was entered, Mendones filed a new notice of appeal.  Separately, and the day before filing her new notice of appeal, Mendones filed a motion to vacate the judgment, which the trial court denied.  During the pendency of her appeal, Mendones moved to augment the record on appeal to include the final judgment on her denied motion to vacate the judgment as well as the notice of entry of judgment.[2]

Considering her persistent pattern of filing meritless appeals, we issued an order to show cause (OSC) on July 8, 2024, why she should not be declared a vexatious litigant pursuant to section 391, subdivision (b)(1)(i) and why we should not impose a prefiling order pursuant to section 391.7, subdivision (a).  We ordered her to file a written response addressing, among

---

[2] We grant this motion, filed on July 22, 2024, as well as her July 22, 2024, request for judicial notice of the records of several of her prior cases and appeals in state and federal courts.  Judicial Respondents' motion to augment the record, filed on July 1, 2024, was previously granted on July 18, 2024.

other things, whether the appeals in the five enumerated cases summarized *ante* satisfy the requirements of section 391, subdivision (b)(1)(i).  She timely filed a written response to the OSC.  We set the matter to be heard at an August 28, 2024 hearing.

DISCUSSION

## I.     Standard of Review

We independently review the complaint to determine whether it alleges facts sufficient to state a cause of action and overcome the demurrer.  (*Nolte v. Cedars-Sinai Medical Center* (2015) 236 Cal.App.4th 1401, 1405.)  "If another proper ground for sustaining the demurrer exists, this court will still affirm the demurrer[ ] even if the trial court relied on an improper ground."  (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 880, fn. 10.)  We assume all material facts properly pleaded in the complaint are true.  (*Schmier v. City of Berkeley* (2022) 76 Cal.App.5th 549, 553, fn. 4.)  But we disregard contentions, deductions, and conclusions of fact or law.  (*Winn v. Pioneer Medical Group, Inc.* (2016) 63 Cal.4th 148, 152.)  "Similarly, although we permit some latitude to ' "the accuracy with which [the plaintiff] describes the defendant's conduct" ' [citation], we are not bound to respect a pleader's 'legal characterization' of events or transactions.  [Citation.]"  (*O'Grady v. Merchant Exchange Productions, Inc.* (2019) 41 Cal.App.5th 771, 777.)

Even where a demurrer is properly sustained, the reviewing court must determine whether it was abuse of discretion to deny the plaintiff leave to amend.  (*Lee v. Los Angeles County Metropolitan Transportation Authority* (2003) 107 Cal.App.4th 848, 854.)  "It is an abuse of discretion to deny leave to amend if there is a reasonable possibility that the pleading can be cured by amendment."  (*Ibid.*)

5

## II. Trial Court Properly Sustained Demurrer and Denied Motions

Even assuming the truth of Mendones's allegations, each cause of action alleged is barred by Judicial Respondents' judicial and quasi-judicial immunity in the exercise of their judicial functions. (*Tagliavia v. County of Los Angeles* (1980) 112 Cal.App.3d 759, 761 (*Tagliavia*); *Bocanegra v. Jakubowski* (2015) 241 Cal.App.4th 848, 857 [" 'When a *quasi*-judicial officer, such as a prosecutor, acts within his official capacity he, like a *judicial* officer, enjoys absolute immunity.' "].) We therefore affirm.

### A. The Claims Against Former Chief Justice Are Barred By Absolute Judicial Immunity

Judicial immunity applies to all judicial acts, "even if the acts are in excess of the jurisdiction of the judge and are alleged to have been done maliciously and corruptly" (*Tagliavia, supra*, 112 Cal.App.3d at p. 761), so long as there is "any reasonable ground for assumption of jurisdiction." (*Taliaferro v. Contra Costa County* (1960) 182 Cal.App.2d 587, 593.) A judicial act is defined by "whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." (*Stump v. Sparkman* (1978) 435 U.S. 349, 362; see *Dodds v. Commission on Judicial Performance* (1995) 12 Cal.4th 163, 172 [a judge's judicial functions constitute any "one of the varied functions generally associated with his position as a judge, whether adjudicative or administrative in nature"].)

The instant allegations as to former Chief Justice Cantil-Sakauye are based exclusively on her denial of Mendones's fee waiver in *Mendones v. Board of Registered Nursing* (May 10, 2022, S273649). Because only a judicial officer may issue an order denying a fee waiver application (Gov. Code § 68634.5(d)), there is no question that this was a judicial act. Mendones's arguments to the contrary are meritless. She cites no authority

6

for the proposition that an order is not a "judicial act" if an online docket does not reflect the basis for the order or the name of the justice who authored it. Nor does the California Government Claims Act override or waive absolute judicial immunity or quasi-judicial immunity. (*Bocanegra v. Jakubowski, supra*, 241 Cal.App.4th at p. 857.) And to the extent she suggests that absolute judicial immunity depends on a correct legal ruling, she is mistaken. (*Frazier v. Moffatt* (1951) 108 Cal.App.2d 379, 386.) In sum, because the former Chief Justice's judicial acts are protected by absolute immunity, Mendones's claims against the former Chief Justice are barred as a matter of law.

**B.     The Claims Against Mr. Navarrete and Mr. Jiminez Are Barred By Quasi-Judicial Immunity**

As Mendones concedes, "California courts have extended absolute judicial immunity to persons other than judges if those persons act in a judicial or quasi-judicial capacity." (*Howard v. Drapkin* (1990) 222 Cal.App.3d 843, 852–853 (*Howard*).) But she nonetheless persists that Mr. Navarrete and Mr. Jimenez are not entitled to quasi-judicial immunity because clerks are only entitled to immunity if they are "appointed" by the court, because their alleged conduct is purely ministerial, and because no immunity is extended to negligent conduct. She is wrong.

Quasi-judicial immunity may extend beyond individuals appointed by the court. Mendones's authorities do not state otherwise. (See *Tagliavia, supra*, 112 Cal.App.3d at p. 763 [explaining immunity "must apply" to a commissioner acting as judge pro tem or appointed by a court to perform subordinate judicial duties].) As with absolute judicial immunity, the focus is whether the function of the defendants' alleged conduct "[arose] from their performance of duties in connection with the judicial process." (See *Howard, supra*, 222 Cal.App.3d at p. 857.) Here, the challenged conduct—processing

7

court documents and giving notice of the court's orders—unquestionably meets that standard; it is "connected with the judicial process" and "serves functions integral" to that process. (*Id.* at pp. 853–854, 857; see e.g., *Mullis v. U.S. Bankruptcy Court for Dist. Of Nevada* (9th Cir. 1987) 828 F.2d 1385, 1390, superseded by statute that further extends judicial immunity as stated in *Ouyang v. Manella* (C.D. Cal., Feb. 16, 2021, No. 2:20-05707 SVW (ADS)) 2021 WL 1055214, at *5 [clerks' function to give notices and accept filings are "integral parts of the judicial process"].) Thus, even if considered merely ministerial tasks, Mr. Navarrete and Mr. Jimenez's challenged conduct is entitled to absolute quasi-judicial immunity.

Mendones's contention that Mr. Navarrete and Mr. Jimenez acted negligently or in excess of their jurisdiction does not sustain scrutiny. (*Mullis v. U.S. Bankruptcy Court for Dist. Of Nevada, supra*, 828 F.2d at p. 1390 [mistake or act in excess of jurisdiction does not abrogate clerk's quasi-judicial immunity].)[3] Nor does Mendones substantiate her accusation that former Chief Justice's signature appears forged, and her opening brief does not point to any facts in support of it. Mendones accordingly fails to overcome the presumption of correctness that former Chief Justice signed the order denying the fee waiver application. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

\*   \*   \*

Because Judicial Respondents are immune, we need not address any other grounds for affirming the order sustaining Judicial Respondents' demurrer. (*Cantu v. Resolution Trust Corp., supra*, 4 Cal.App.4th at p. 880,

---

[3] We reiterate that the California Government Claims Act does not override absolute quasi-judicial immunity. (*Bocanegra v. Jakubowski, supra*, 241 Cal.App.4th at p. 857.)

fn. 10.)  We find the trial court did not abuse its discretion in sustaining the demurrer without leave to amend because Mendones fails to offer facts or legal theories to demonstrate that she could amend the FAC to overcome Judicial Respondents' absolute immunity.  (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)  The judgment is affirmed.

**C.    Trial Court Did Not Err in Naming of Defendants**

We also reject Mendones's contention that the trial court separately erred by failing to name the State of California as the defendant.  Her causes of action arise from the alleged conduct of Judicial Respondents, who she served with a summons and complaint, and the Register of Actions does not show that she served the State of California.  Because "the nature and character of a pleading is to be determined from its allegations, regardless of what it may be called, and . . . the subject matter of an action and issues involved are determined from the facts alleged rather than from the title of the pleadings," Mendones fails to demonstrate any error.  (*Lovejoy v. AT&T Corp.* (2001) 92 Cal.App.4th 85, 98.)

**D.    Motion to Vacate Not Properly Before This Court**

Despite failing to designate the trial court's denial of her motion to vacate the judgment in her notice of appeal, Mendones asserts the trial court erred by denying her motion to vacate the judgment.[4]  Given the scope of the notice of appeal, we lack jurisdiction to consider this.  (*Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 436.)  Even if we had such jurisdiction, a motion to vacate the judgment is not the proper remedy for a purportedly erroneous ruling on a demurrer.  (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1574

---

[4] See *supra* fn. 2, granting Mendones's motion to augment the record on appeal to include the final judgment on her denied motion to vacate the judgment as well as the notice of entry of judgment.

9

*disapproved of on other grounds by Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 135, fn. 3.)[5]

## III. Mendones Qualifies As a Vexatious Litigant

The right to petition is central to California's constitutional scheme (see Cal. Const., art. I, § 3), but state courts are not powerless to combat abuse of the judicial system. (*Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 59 ["vexatious litigant statute does not impermissibly 'chill' the right to petition"]; *Luckett v. Panos* (2008) 161 Cal.App.4th 77, 81 [courts may impose reasonable limits on vexatious litigants without offending the right to petition].) Accordingly, sections 391 to 391.8 are " 'designed . . . to protect opposing parties harassed by meritless lawsuits, [and] to conserve court time and resources and protect the interests of other litigants who are waiting for their legal cases to be processed through the courts.' " (*Karnazes v. The Lauriedale Homeowners Assn.* (2023) 96 Cal.App.5th 275, 280 (*Karnazes*), quoting *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1005.)

Section 391, subdivision (b)(1)(i), defines a litigant as vexatious if they have filed, while self-represented, at least five qualifying litigations within the past seven years that were "finally decided adversely" to them. (§ 391, subd. (b)(1)(i) [excluding actions in small claims court].) "Litigation," as defined by the statute, encompasses appeals filed in an appellate court. (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406; see (§ 391, subd. (a).) The seven-year period within which qualifying litigations must have been "commenced, prosecuted or maintained" is measured from the date of filing the motion or OSC. (§ 391, subd. (b)(1); *Karnazes, supra*, 96 Cal.App.5th at

---

[5] For these reasons, we do not consider the unauthenticated voicemails that Mendones submitted in support of her motion to vacate the judgment.

p. 280; *Stolz v. Bank of America* (1993) 15 Cal.App.4th 217, 224–225.) A litigation is "finally determined adversely" to the litigant "if they do not win the action or proceeding they began," including voluntarily and involuntarily dismissed appeals, and the " 'avenues for direct review (appeal) have been exhausted or the time for appeal has expired.' " (*Karnazes*, at p. 280; *Garcia*, at pp. 406–407 & fn. 5.)

Once a person has been declared a vexatious litigant, a court may "enter a prefiling order which prohibits [the person] from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed." (§ 391.7, subd. (a); *Karnazes*, *supra*, 96 Cal.App.5th at p. 280.) Permission to file will be granted "only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay." (§ 391.7, subd. (b).)

Mendones's pattern of filing meritless appeals in propria persona qualifies as vexatious under the statutory scheme. She asks that we examine the statute's constitutionality, but courts have upheld its constitutionality and we consider the issue settled. (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 541; *Wolfe v. George* (9th Cir. 2007) 486 F.3d 1120, 1126–1127.) Her other arguments in opposition likewise lack merit.

Mendones first appears to concede that case No. A162692 counts towards actions that "disqualif[y] her unto [sic] the definition of vexatious litigant." But to the extent she claims it does not because she "never filed a new lawsuit against the Board of Registered Nursing," her argument fails. Because we affirmed the denial of her petition in case No. A162692, it meets

11

the requirements of section 391, subdivision (b)(1)(i) regardless of any lack of subsequent lawsuits against the same defendant.

Mendones next argues that case No. A162989 does not satisfy the statute's requirements because "once [the case was] remanded back to trial court" she "re-appealed again," resulting in *Mendones v. Washington Hospital Healthcare System* (Dec. 7, 2022, A165164). And because case No. A165164 was a mixed result, she contends case No. A162989 was not "finally determined adversely" to her. This is incorrect; case No. A165164 was *not* an appeal of case No. A162989. We dismissed case No. A162989 for lack of jurisdiction on February 16, 2022, and Mendones did not petition the Supreme Court for review. It therefore became final 30 days later. (Cal. Rules of Court, rules 8.264(b)(1).) We are convinced it meets the requirements of section 391, subdivision (b)(1)(i).

Likewise, we are unpersuaded that case No. A169949 does not satisfy the statute's requirements merely because it also arises from an action against Washington Hospital Healthcare System. As Mendones admits, in case No. A169949 she appealed an order denying a motion for reconsideration, and we dismissed the appeal for lack of jurisdiction on March 22, 2024. She incorrectly asserts the case was "remanded." Instead, it became final 30 days after filing. (Cal. Rules of Court, rules 8.264(b)(1).)

We also reject Mendones's specious arguments for why case No. A168160 does not constitute "litigation" under section 391. She seems to suggest that, because the U.S. District Court dismissed a similar complaint, she "merely lodged (not filed)" the action and therefore, in her view, she did not "commence" a "litigation" as defined by the statute. This is a non sequitur. As she tacitly admits, in case No. A168160 she appealed the order to dismiss in Alameda County Superior Court case No. 22-CV-018398, we

12

affirmed, and she "did not pursue th[e] case" any further. Accordingly, it meets the requirements of section 391, subdivision (b)(1)(i). Her other assertion that the case does not satisfy the statute's conditions on the grounds that "[s]he did not file again a new suit with similar cause of action against [the defendant]" is off base.

Turning to case No. A169817, Mendones posits it does not qualify as vexatious litigation because "[t]he County encouraged her to pursue th[e] case" and "she relie[d] on the County[s] legal advice." She offers no competent evidence in support of this argument. But even if true, it is irrelevant because "[p]ro. per. litigants are held to the same standards as attorneys." (*Kobayashi v. Superior Court*, *supra*, 175 Cal.App.4th at p. 543.) Her self-serving statement that the case was not frivolous because "she presented facts" also does not remove it from the ambit of the statute. We dismissed the purported appeal before considering its merits because there was no appealable order or judgment.

Finally, we are unpersuaded that any of these cases were meritorious merely because no defendant moved to have Mendones declared a vexatious litigant. The Legislature saw fit to empower appellate courts to sua sponte declare litigants vexatious and to impose prefiling orders, and they have exercised this power on several occasions. (*Karnazes*, *supra*, 96 Cal.App.5th at p. 281 [listing cases].)

We find case Nos. A162692, A162989, A169949, A168160, and A169817 constitute "five litigations . . . that have been [] finally determined adversely" to Mendones within the last seven years. (§ 391, subd. (b)(1)(i).) Mendones's conduct has imposed substantial costs on court staff. (See *In re Whitaker* (1992) 6 Cal.App.4th 54, 57 [" 'the appellate system and the taxpayers of this state are damaged by what amounts to a waste of this

13

court's time and resources' "].) Declaring her vexatious and imposing a prefiling order is "one small step to eliminate an obvious waste of judicial resources." (*Id.* at p. 55.)

## DISPOSITION

The judgment is affirmed. Maridol Mendones is hereby declared a vexatious litigant. (§ 391, subd. (b)(1)(i).) Before filing any new litigation in the courts of this state, she must first obtain leave of the presiding judge or justice of the court where the litigation is proposed to be filed. (§ 391.7, subd. (a).) Disobedience of this order may be punished as a contempt of court. (*Ibid.*) The clerk of this court must provide a copy of this opinion and order to the Judicial Council (*id.*, subd. (f)), and to the presiding judge and clerk of the Superior Court for the City and County of San Francisco. The parties will bear their respective costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

14

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Rodríguez, J.

A170046/*Mendones v. State of California, et al.*

15