[L. A. No. 19703. In Bank. July 23, 1946.]

STANLEY M. GUE, as Deputy Labor Commissioner, etc., Respondent, v. V. R. DENNIS, Appellant.

Wright, Thomas, Dorman & Fox and LeRoy A. Wright, II, for Appellant.

Thomas Whelan, District Attorney, Carroll H. Smith, Chief Trial Deputy District Attorney, Pauline Nightingale and William Kaplan for Respondent.

GIBSON, C. J.—Respondent Labor Commissioner filed an affidavit in the Superior Court of San Diego County and prayed for an order directing appellant Dennis to appear and show cause why he should not be punished for contempt in failing to comply with certain subpoenas duces tecum issued by respondent, under section 92 of the Labor Code, in connection with his investigation of reports that appellant, a contractor engaged in public works, was not paying required wage rates. It was further averred that appellant had wilfully refused to obey the subpoenas and that his testimony and examination of his records were essential for the proper performance of respondent's duties.

Section 93 of the Labor Code provides, in part, that "Obedience to subpoenas issued by the Labor Commissioner, or his deputies or agents shall be enforced by the courts."

Based on the affidavit of respondent, the superior court made an order directing appellant to show cause why he should not be required to comply with the subpoenas. Following a hearing, appellant was ordered to obey the subpoenas duces tecum within a prescribed period of time "or be adjudged in contempt." He has appealed from this order.

█ Respondent moves to dismiss the appeal on the ground that the order is nonappealable. Appellant concedes that an appeal will not lie from an order adjudging a person in contempt. He contends, however, that the present situation is distinguishable, in that the order appealed from was entered in a separate proceeding preliminary to an adjudication in contempt, and that it is therefore appealable.

Section 93 of the Labor Code has as its objective an adjudication in contempt if noncompliance persists. This being so, an order directing compliance, which expressly contemplates a further order, is intermediate in character, and any review thereof should await a subsequent adjudication in contempt. (*Cf. Frost* v. *Superior Court*, 41 Cal.App. 580 [183 P. 206]; *Ahrens* v. *Evans*, 42 Cal.App.2d 738 [109 P.2d 991].) █ In the event appellant is adjudged in contempt, review may be

had either by certiorari or habeas corpus, whichever is appropriate. (*Brunton* v. *Superior Court,* 20 Cal.2d 202, 204 [124 P.2d 831] ; *Kreling* v. *Superior Court,* 18 Cal.2d 884, 887 [118 P.2d 470].)

The motion is granted and the appeal is dismissed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.