[No. F002892. Fifth Dist. Dec. 9, 1983.]

AGRICULTURAL LABOR RELATIONS BOARD, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
SAM ANDREWS' SONS, Real Party in Interest.

**COUNSEL**

Manuel M. Medeiros, Daniel G. Stone and Ruth Rokeach for Petitioner.

Dianna Lyons, Carlos M. Alcala, Federico G. Chavez, Ellen J. Eggers, Daniel A. Garcia, Ira L. Gottlieb and Wendy Sones as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Seyfarth, Shaw, Fairweather & Geraldson, Joseph E. Herman, George E. Preonas, Jyrl James-Massengale and Kenwood C. Youmans for Real Party in Interest.

OPINION

FRANSON, Acting P. J.—The United Farmworkers of America, AFL-CIO (UFW) filed an unfair labor practice charge with the Agricultural Labor Relations Board (ALRB) against real party in interest Sam Andrews' Sons (SAS). The UFW alleged that SAS had refused to rehire "unfair labor practice" strikers who had unconditionally offered to return to work. The ALRB issued a complaint and an amended complaint based on the UFW's allegations.

Shortly thereafter, the ALRB sought injunctive relief in Kern County Superior Court pursuant to Labor Code section 1160.4.[1] After a lengthy hearing, the superior court issued a "Preliminary Injunction Order" which ordered SAS to rehire the strikers and terminate all agricultural workers hired after the strike, until all strikers had been reinstated. SAS promptly filed a notice of appeal from the injunction order.

Thereafter, the ALRB initiated contempt proceedings against SAS in the superior court grounded on SAS' refusal to comply with the injunction. The court then ruled that the injunction was automatically stayed pending appeal by Code of Civil Procedure section 916.[2]

The ALRB filed the instant petition for writ of mandate in the California Supreme Court; that court transferred the petition to this court. We issued an order to show cause, scheduled the matter for argument on November 17, 1983, and granted the request of UFW to appear as amicus curiae.

The sole issue presented and one of first impression is whether a mandatory injunction issued by the superior court pursuant to Labor Code

---

[1] Labor Code section 1160.4 reads: "The board shall have power, upon issuance of a complaint as provided in Section 1160.2 charging that any person has engaged in or is engaging in an unfair labor practice, to petition the superior court in any county wherein the unfair labor practice in question is alleged to have occurred, or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition, the board shall cause notice thereof to be served upon such person, and thereupon the court shall have jurisdiction to grant to the board such temporary relief or restraining order as the court deems just and proper."

[2] Code of Civil Procedure section 916, subdivision (a), a revision of former Code of Civil Procedure section 949, declares that, "Except as provided in Sections 917.1 through 917.9 and in Section 117.7, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, . . ." Under this statute, *mandatory* injunctions are automatically stayed by appeal unless provided otherwise by statute. (*Dewey* v. *Superior Court* (1889) 81 Cal. 64, 67-68 [22 P. 333]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 176, 177, pp. 4165-4166.) Prohibitory injunctions, however, are not stayed by appeal. (*Ibid.*)

section 1160.4 is automatically stayed pending appeal by Code of Civil Procedure section 916. For the reasons set out below, we hold that such an injunction is stayed by the appeal.

Preliminarily, we reject petitioner's argument that section 916 does not stay this injunction because it is really prohibitory in nature. The injunction restrains SAS from "failing or refusing to immediately reinstate" a group of workers. It also orders SAS not "to continue" in its employ all other agricultural workers until the strikers have been rehired. The California Supreme Court has considered precisely this type of injunction and found it was mandatory and automatically stayed on appeal by Code of Civil Procedure section 916's predecessor: "We are satisfied that such a writ should issue. Although the form of the order appealed from purports to be prohibitive in that defendants are enjoined and restrained 'from employing, and continuing to employ, or hereafter employing Amelia Greenwood while she is not a member in good standing of said International Ladies' Garment Workers Union', it is quite obvious that said order is in its essence and effect a mandatory injunction. It is an order compelling affirmative action on the part of the defendants. Inasmuch as Amelia Greenwood at the time of the issuance of the order was already in the employ of the defendants, and the very controversy arose out of the *continuance* in employment of said Amelia Greenwood, it is apparent that the result intended to be accomplished by the issuance of said order was the compulsory release of said Amelia Greenwood from employment by the defendants." (*Feinberg* v. *One Doe Co.* (1939) 14 Cal.2d 24, 27 [92 P.2d 640].)

The injunction before us, like the one in *Feinberg, supra,* is mandatory. It compels SAS to take affirmative action by terminating present employees. If Labor Code section 1160.4 proceedings are subject to Code of Civil Procedure section 916, then the injunction is automatically stayed by SAS' appeal.

■ Petitioner argues that superior court injunction proceedings authorized by Labor Code section 1160.4 are not "actions" (Code Civ. Proc., § 22) but "special proceedings" (Code Civ. Proc., § 23). "Actions" are controlled by part 2 of the Code of Civil Procedure, including section 916. "Special proceedings," however, are not subject to Code of Civil Procedure part 2 unless the statute creating the special proceeding so specifies. Therefore, if an ALRB action under Labor Code section 1160.4 is a "special proceeding," the absence of any specific Labor Code section subjecting these injunctions to Code of Civil Procedure part 2 means that section 916 does not apply, and this type of mandatory injunction is not stayed by an appeal.

■ "Actions" are distinguished from "special proceedings" according to the *remedy* sought. Thus, "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Code Civ. Proc., § 22.)

A "special proceeding" is "[e]very other remedy . . . ." (Code Civ. Proc., § 23.) Such proceedings are limited to cases that were neither actions at law nor suits in equity. (*Tide Water Assoc. Oil Co.* v. *Superior Court* (1955) 43 Cal.2d 815, 822 [279 P.2d 35].) Typical special proceedings are designated as such in part 3 of the Code of Civil Procedure.[3]

■ Labor Code section 1160.4 authorizes the ALRB to seek, and the superior court to grant, "temporary relief or restraining order[s]." As the ALRB has argued in this case, the purpose of this temporary injunctive relief is to preserve the ALRB's power to provide relief in the underlying action, not to decide the entire case in the superior court. As a result, the superior court's power is limited. It can only give temporary relief. But this limitation is the only factor that distinguishes the remedy in this type of action from any other equitable proceeding. This difference does not change the essential character of the action or make it into something other than an equitable action for injunctive relief. The ALRB admitted as much, in effect, when it captioned its filing in the superior court as a "Complaint for Injunctive Relief."

That the relief is sought by the ALRB, an arm of the state, does not change the nature of the action. In *Tide Water Assoc. Oil Co.* v. *Superior Court, supra,* 43 Cal.2d 815, a state agency sought to enjoin unreasonable waste of gas by operators of a gas field. Certain defendants filed a cross-complaint seeking to enjoin the other defendants from wasting gas and to recover damages. The cross-defendants then sought prohibition arguing that the People's suit to enjoin the waste of gas was a special proceeding rather than an action at law; hence, the cross-complaint provisions of then section 442 of the Code of Civil Procedure were inapplicable. The Supreme Court pointed out that the People's suit to enjoin the waste of gas "is essentially the same as any other action in equity in which the remedy of injunction may be used. It is a suit by which the People are prosecuting other parties for the enforcement or protection of a right and the prevention of a wrong. Accordingly, it is an 'action' and not a 'special proceeding.'" (*Id.,* at pp. 822-823.) The same principle controls this case.

---

[3]Code of Civil Procedure part 3 provides procedural rules for a number of special proceedings. None of these proceedings are equitable actions for injunctive relief, and none are comparable to the actions authorized by Labor Code section 1160.4.

The Supreme Court distinguished the case of *Carpenter* v. *Pacific Mut. Life Ins. Co.* (1937) 10 Cal.2d 307 [74 P.2d 761]. In that case, a state insurance commissioner petitioned the superior court for an order affirming a plan for the rehabilitation of an insolvent insurance company. In holding that this was a special proceeding and not an action, the court pointed out that the commissioner was *not* prosecuting another party for the "declaration, enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense,—that it was not a proceeding in which one 'party is prosecuting another party at all.' " (*Tide Water Assoc. Oil Co.* v. *Superior Court, supra,* 43 Cal.2d at p. 823, quoting from *Carpenter* v. *Pacific Mut. Life Ins. Co., supra,* at p. 327.)

Amicus seeks to distinguish *Tide Water* on the ground that the Public Resources Code provisions under which the state was proceeding to enjoin the waste of gas expressly incorporated the Code of Civil Procedure sections governing injunctions. Labor Code section 1160.4 has no equivalent provision. Thus, amicus argues that if the Legislature intended Code of Civil Procedure section 916 to apply to proceedings under Labor Code section 1160.4, it would have done so expressly.

The Supreme Court in *Tide Water,* however, did not rely on the reference to the injunction procedures in the Public Resources Code in determining that Code of Civil Procedure section 442 applied to the lawsuit; it looked to the remedy sought by the state, i.e., injunctive relief. The ratio decidendi of *Tide Water* is that the remedy sought by the People is "essentially the same as any other action in equity in which the remedy of injunction may be used." (*Tide Water Assoc. Oil Co.* v. *Superior Court, supra,* 43 Cal.2d at pp. 822-823.)

We recognize that a Labor Code section 1160.4 action is "special" in that it is "unique." It only allows temporary relief by way of injunction pending a final determination of the merits of the underlying labor dispute by the ALRB. Nevertheless, section 1160.4 proceedings are not "special proceedings" in the narrow sense defined by Code of Civil Procedure section 23. Section 1160.4 only authorizes a traditional equitable remedy. Also, the action is adversarial; one party (the ALRB) prosecutes another (a farmer or union) for the protection of a right or the prevention of a wrong (the rights given to agricultural workers by the Agricultural Labor Relations Act (ALRA)). These features of a section 1160.4 proceeding make it an "action" as defined by Code of Civil Procedure section 22. Hence, Labor Code section 1160.4 actions are subject to part 2 of the Code of Civil Procedure, including Code of Civil Procedure section 916.

Petitioner and amicus offer several arguments to support their claim that a section 1160.4 action is a "special proceeding." First, under section

1160.4, the ALRB, a state agency, proceeds in the interests of the public, so they claim that this is not an action where "one party prosecutes another," relying on *Carpenter* v. *Pacific Mut. Life Ins. Co., supra,* 10 Cal.2d 307. The argument is rebutted by *Tide Water.* In that case, the California Supreme Court found that when the state is seeking an injunction to enforce the rights of the public, the state is a party, and the proceeding is an action. (*Tide Water Assoc. Oil Co.* v. *Superior Court, supra,* 43 Cal.2d at p. 823.) The *Carpenter* case involved nonadversarial proceedings to affirm the insurance commissioner's plan to rehabilitate an insolvent insurer. This distinguishes *Carpenter* and negates petitioner's argument.

Second, the ALRA was "unknown" to the common law. But, the fact that the ALRA creates new rights is irrelevant. The defining sections of the Code of Civil Procedure speak in terms of the *remedy sought* and the structure of the litigation, not the underlying rights involved.

Third, petitioner argues there is no specific legislative expression making part 2 of the Code of Civil Procedure applicable to Labor Code section 1160.4 actions. There are a number of other statutes that authorize state agencies to seek injunctions and also specifically subject actions for these injunctions to Code of Civil Procedure part 2.[4] Petitioner argues if the Legislature had intended Code of Civil Procedure section 916 to apply to Labor Code section 1160.4 proceedings, it would have so provided.

The short answer to this argument is that such provisions are not necessary unless the action is already classified as a "special proceeding." Otherwise, Code of Civil Procedure part 2 already applies. The absence of such a provision implies that the Legislature believed this was an action already subject to Code of Civil Procedure part 2.

California has had the rule that an appeal automatically stays mandatory injunctions for more than 100 years. Code of Civil Procedure section 916, subdivision (a), was preceded by former Code of Civil Procedure section 949. This section was found to stay the effect of a mandatory injunction pending appeal in *Dewey* v. *Superior Court, supra,* 81 Cal. 64, 68. Even before the Code of Civil Procedure was enacted, cases under the then op-

---

[4]Agricultural Code sections 16443, 61573; Business and Professions Code sections 13611, 17831; Public Resources Code section 4605; Welfare and Institutions Code section 5330.

Part 3 of the Code of Civil Procedure contains a number of catchall provisions which subject the special proceedings enumerated there to the rules in Code of Civil Procedure part 2, e.g., Code of Civil Procedure sections 1109, 1177, Civil Code section 3259, Code of Civil Procedure section 363.

erative Civil Practice Act distinguished mandatory and prohibitory injunctions and found that a stay on appeal "operates upon orders or judgments commanding some act to be done, . . ." (*Merced Mining Co.* v. *Fremont* (1857) 7 Cal. 130, 132.) This rule has remained in effect and is not seriously questioned by petitioner. (See 6 Witkin, Cal. Procedure, *op. cit. supra,* §§ 176, 177, pp. 4165-4166 and cases cited therein.) The Legislature must have known of this rule when it enacted the ALRA and Labor Code section 1160.4 in particular.

Amicus argues that *Airfloor Co. of California, Inc.* v. *Regents of University of California* (1978) 84 Cal.App.3d 1004, 1007-1008 [149 Cal.Rptr. 130] "refines" the definition of a "special proceeding" when it states that special proceedings "are creatures of statute and the court's jurisdiction in such proceedings is limited by statutory authority." While a section 1160.4 action is a "creature of statute" and gives the court only a limited power to act (i.e., a statutorily limited "jurisdiction"), the *Airfloor* court was not modifying the definition of a "special proceeding" when it made this statement. In context, this statement merely describes some attributes of a special proceeding found in part 3 of the Code of Civil Procedure.

Amicus cites *Northern Cal. Police Practices Project* v. *Craig* (1979) 90 Cal.App.3d 116, 122 [153 Cal.Rptr. 173] as a case where actions for injunctive relief (authorized by Gov. Code, § 6258) were classified as "special proceedings." In one paragraph, devoid of analysis, that court found that: (1) findings of fact were not required because the issue was one of law, not fact; and (2) that "as a special proceeding authorized by a specific statute (§ 6258), findings [were] not required as the authorizing statute fails so to provide." (*Northern Cal. Police, supra,* at p. 122.) In this context, the finding that Government Code section 6258 creates a "special proceeding" is not dicta, but also is not persuasive. It appears to be added as a make-weight, complementing the more fully explained holding that the underlying issue was one of law not requiring findings of fact. (See *Northern Cal. Police Practices Project* v. *Craig, supra,* 90 Cal.App.3d at pp. 122-123.)

Petitioner and amicus claim that the policies underlying Labor Code section 1160.4 would be frustrated if mandatory injunctions under the section are automatically stayed pending appeal. Two arguments are made to support this claim. First, an equivalent federal provision in the NLRA, 29 United States Code section 160(j), provides for similar injunctions. Under federal procedural rules, these injunctions are not stayed on appeal; so petitioner argues that the Legislature must have intended to exempt section 1160.4 injunctions from Code of Civil Procedure section 916. Second, it is

recognized that mandatory injunctions are a properly available form of relief under section 1160.4. (*Agricultural Labor Relations Bd. v. California Coastal Farms, Inc.* (1982) 31 Cal.3d 469 [183 Cal.Rptr. 231, 645 P.2d 739]; *Agricultural Labor Relations Bd. v. Laflin & Laflin* (1979) 89 Cal.App.3d 651 [152 Cal.Rptr. 800]; *Agricultural Labor Relations Bd. v. Ruline Nursery Co.* (1981) 115 Cal.App.3d 1005 [171 Cal.Rptr. 793].) Although procedural issues like the one before this court are not discussed in these cases, petitioner argues that approval of such injunctions on the merits implies that Labor Code section 1160.4 injunctions are not stayed on appeal.

■ Although the ALRA is similar to federal labor law, and Labor Code section 1160.4 is virtually identical to 29 United States Code section 160(j), actions by the ALRB are subject to *California's* procedural law. (*Tex-Cal Land Management, Inc. v. Agricultural Labor Relations Bd.* (1979) 24 Cal.3d 335, 350-351 [156 Cal.Rptr. 1, 595 P.2d 579]; *Agricultural Labor Relations Bd. v. Superior Court* (1976) 16 Cal.3d 392, 412 [128 Cal.Rptr. 183, 546 P.2d 687].) This situation is logically similar to that faced by the *Tex-Cal* court. There, the federal counterpart of Labor Code section 1160.8 provided review as a matter of right, but California law permitted summary denial of a petition for writ of review. Here, the federal counterpart of Labor Code section 1160.4 provides injunctions that are not stayed pending appeal (because of the applicable federal rule of procedure), but California law (Code Civ. Proc., § 916) provides an automatic stay of mandatory injunctions. Faced with this kind of difference between California and federal procedure, the Supreme Court in *Tex-Cal* stated: "The command that '[t]he board shall follow applicable precedents of the [NLRA]' (§ 1148) does not extend to procedure rules" (*Tex-Cal Land Management, Inc. v. Agricultural Labor Relations Bd., supra,* 24 Cal.3d at p. 351) and concluded that California's applicable procedural rule should be followed. The difference between California and federal law that is in issue here is also a matter of differing procedural rules. Code of Civil Procedure section 916 represents a policy more fundamental than that behind Labor Code section 1160.4, i.e., that California courts cannot enter an order for affirmative relief in the face of appellate review. This policy was an established part of the California procedural context when the ALRA was enacted.

Petitioner's and amicus' reliance on the cases which have recognized and approved mandatory injunctions under Labor Code section 1160.4 is misplaced. While the cases approved those particular uses of affirmative relief, the fact that affirmative relief is a proper remedy in some cases does not imply that such a remedy is exempt from Code of Civil Procedure section

916. Assuming the merit of such orders, they are subject to California procedural limitations like any other meritorious mandatory injunction.

We also reject petitioner's and amicus' argument that if Code of Civil Procedure section 916 applies to mandatory injunctions issued pursuant to Labor Code section 1160.4, the purposes of the ALRA will be thwarted. ■ As pointed out in *Agricultural Labor Relations Bd.* v. *Laflin & Laflin, supra,* 89 Cal.App.3d at page 670: ". . . section 1160.4 was not intended as a means for interim enforcement of the 'remedial' or 'compensatory' aspects of Board's orders pending finality, but rather, to enable Board immediately and temporarily to put an end to conduct, *usually ongoing or continuing in nature,* which Board has reasonable cause to believe constitutes an unfair labor practice and which, if continued during adjudication of the unfair labor practice charges, might undermine or frustrate the purposes of ALRA." (Italics added.)

Most injunctions authorized by section 1160.4 only put an end to ongoing conduct. These injunctions are not automatically stayed pending appeal and will normally fulfill the purposes of section 1160.4. As the ALRB stated in oral argument, the purpose of section 1160.4 is to enable the courts to preserve the *status quo* pending determination of an ALRB proceeding. This purpose does not include final resolution of the underlying dispute or interim enforcement of the ALRB's eventual order of "remedial" or "compensatory" relief. (*Ibid.*)

The only case where an automatic stay would interfere with the purpose of Labor Code section 1160.4 is where the affirmative relief is necessary to preserve the status quo and to prevent final ALRB actions from being mooted by events. But if ALRB jurisdiction is thus threatened by events, so is the jurisdiction of the appellate court. The appellate court has power to issue injunctive orders of its own when necessary "to preserve the status quo, the effectiveness of the judgment subsequently to be entered, or otherwise in aid of its jurisdiction." (Code Civ. Proc., § 923; *People* ex rel. *S. F. Bay etc. Com.* v. *Town of Emeryville* (1968) 69 Cal.2d 533, 536-537 [72 Cal.Rptr. 790, 446 P.2d 790].) While this power will be exercised sparingly, it is available to protect the objects of the ALRA and section 1160.4. ■ As a result, the purposes of the ALRA and section 1160.4 in particular are not undermined or frustrated by the Code of Civil Procedure's automatic stay pending appeal. In the exceptional case, where mandatory relief is essential to preserve the status quo, it may be obtained, without a stay, directly from the Court of Appeal. In most cases, however, prohibitory relief obtained in the superior court will be sufficient.

The writ is denied.

Zenovich, J., and Woolpert, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 4, 1984. Bird, C. J., did not participate therein. Reynoso, J., was of the opinion that the application should be granted.