[No. F004465. Fifth Dist. May 31, 1985.]

AGRICULTURAL LABOR RELATIONS BOARD, Plaintiff and Respondent, v.
TEX-CAL LAND MANAGEMENT, INC., Defendant and Appellant.

[No. F005080. Fifth Dist. May 31, 1985.]

AGRICULTURAL LABOR RELATIONS BOARD, Petitioner, v.
THE SUPERIOR COURT OF TULARE COUNTY, Respondent;
TEX-CAL LAND MANAGEMENT, INC., Real Party in Interest.

[See Supreme Court opinion (1987) 43 Cal.3d 696 [238 Cal.Rptr. 780, 739 P.2d 140] and Reporter's Note below.]

COUNSEL

Dressler, Quesenbery, Laws & Barsamian and Richard J. Papst for Defendant and Appellant and Real Party in Interest.

Daniel G. Stone and Michael E. Hersher for Plaintiff and Respondent and Petitioner.

No appearance for Respondent Court.

OPINION

FRANSON, Acting P. J.—

### STATEMENT OF THE CASE

This appeal presents an important question: is a superior court judgment enforcing a final order of the Agricultural Labor Relations Board under

Labor Code section 1160.8[1] an appealable judgment under Code of Civil Procedure section 904.1?[2] For the reasons to be explained, we hold that the enforcement judgment is technically appealable; however, it will be an unusual case where such an appeal can be made in good faith. Because this is the first case involving an appeal from such a judgment, we give the appellant the benefit of the doubt and do not order dismissal of the appeal or the imposition of monetary sanctions for filing a frivolous appeal. (Code Civ.Proc., § 907; *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179].) We answer other contentions of the parties, affirm the judgment and both grant and deny the petition for mandamus.

The procedural history of this case is as follows: On November 24, 1982, after lengthy administrative hearings which had commenced in May 1981, the Agricultural Labor Relations Board (ALRB or Board) found that appellant Tex-Cal Land Management, Inc., had committed various unfair labor acts by subcontracting work outside the bargaining unit without first bargaining with the duly certified employee representative, the United Farm Workers of America, AFL-CIO (UFW). The Board ordered the appellant

---

[1] Labor Code section 1160.8 reads: "Any person aggrieved by the final order of the board granting or denying in whole or in part the relief sought may obtain a review of such order in the court of appeal having jurisdiction over the county wherein the unfair labor practice in question was alleged to have been engaged in, or wherein such person resides or transacts business, by filing in such court a written petition requesting that the order of the board be modified or set aside. Such petition shall be filed with the court within 30 days from the date of the issuance of the board's order. Upon the filing of such petition, the court shall cause notice to be served upon the board and thereupon shall have jurisdiction of the proceeding. The board shall file in the court the record of the proceeding, certified by the board within 10 days after the clerk's notice unless such time is extended by the court for good cause shown. The court shall have jurisdiction to grant to the board such temporary relief or restraining order it deems just and proper and in like manner to make and enter a decree enforcing, modifying and enforcing as so modified, or setting aside in whole or in part, the order of the board. The findings of the board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall in like manner be conclusive.

"An order directing an election shall not be stayed pending review, but such order may be reviewed as provided in Section 1158.

"If the time for review of the board order has lapsed, and the person has not voluntarily complied with the board's order, the board may apply to the superior court in any county in which the unfair labor practice occurred or wherein such person resides or transacts business for enforcement of its order. *If after hearing, the court determines that the order was issued pursuant to procedures established by the board and that the person refuses to comply with the order, the court shall enforce such order by writ of injunction or other proper process. The court shall not review the merits of the order.*" (Italics added.)

Hereinafter all references are to the Labor Code unless otherwise specified.

[2] Code of Civil Procedure section 904.1 provides in pertinent part, "An appeal may be taken from a superior court in the following cases:

"(a) From a judgment, except (1) an interlocutory judgment, . . .

". . . . . . . . . . . . . . . .

"(f) From an order granting . . . an injunction, . . ."

to cease and desist from these unlawful acts and to take certain affirmative measures in compliance with the Agricultural Labor Relations Act (ALRA or the Act). Under section 1160.8 the Board's order became final on March 30, 1983, when appellant's petition for review by this court was dismissed at its request.

On May 24, 1984, after repeated demands for compliance with its order and alleged continued refusal by appellant to comply with the order, the Board petitioned the superior court for enforcement of the order under section 1160.8. An order to show cause was issued, and after a hearing, the court entered its judgment dated June 5, 1984, enforcing the Board's order.

On July 31, 1984, appellant filed a notice of appeal from the judgment. The Board thereafter moved to dismiss the appeal claiming the judgment is not appealable. The Board argued that although the judgment transformed an existing unenforceable administrative order into an enforceable judicial order, it is nonetheless *interlocutory* in nature since it (the judgment) is merely "an intermediate step in the ultimate sanction for noncompliance with the Board's injunctive order, namely, a contempt citation." The Board also argued that the enforcement proceeding under section 1160.8 is not an equitable "action" within the meaning of Code of Civil Procedure section 22.[3] Rather, it is a special statutory proceeding giving the superior court limited jurisdiction to enforce final orders of the Board on a showing of procedural correctness and continued noncompliance. Finally, the Board argued if such a judgment were appealable, it would contravene the basic purpose of the ALRA by unduly delaying the enforcement of Board orders; thus, we should construe the statute to prohibit an appeal.

On August 27, 1984, the Board petitioned the superior court for an order to show cause in re contempt, alleging that appellant and labor contractor Renteria continued to violate the Board order which was incorporated in the June 5, 1984, judgment. After a hearing on October 2, 1984, the court ruled that further enforcement of the judgment was "automatically stayed pending appeal under ... CCP section 916."

The Board then sought a writ of mandate from this court alleging that the trial court erred in characterizing the section 1160.8 proceeding as a suit in equity for an injunction; again, the Board contends it is a statutory

---

[3] Code of Civil Procedure section 22 reads: "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."
Code of Civil Procedure section 23 reads: "Every other remedy is a special proceeding."

proceeding not calling into play the general rules of civil trial or appellate procedure. Hence, it was error not to enforce the judgment by contempt.

The Board's motion to dismiss the appeal and its petition for a writ of mandamus have been consolidated for decision with this appeal.

DISCUSSION

I. *The Enforcement Judgment Under Section 1160.8 Is a Final Judgment.*

Even assuming that section 1160.8 creates a "special proceeding" and not an equitable "action" for the enforcement of Board orders,[4] the law is settled that a *final judgment* in a special proceeding is appealable unless the particular statute provides otherwise. (*Knoll* v. *Davidson* (1974) 12 Cal.3d 335, 343 [116 Cal.Rptr. 97, 525 P.2d 1273]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 55, p. 4069.) Section 1160.8 contains no language precluding the right of appeal.

■ The Board seeks to avoid the rule permitting appeals of final judgments by arguing that the enforcement judgment is interlocutory and not final because it contemplates a contempt proceeding for actual enforcement, citing *Gue* v. *Dennis* (1946) 28 Cal.2d 616 [170 P.2d 887]. In *Gue,* a labor commissioner sought enforcement of a subpena under section 93 making a labor commissioner's subpena enforceable in the superior court. The court ordered the respondent to obey the subpena within a prescribed time "or be adjudged in contempt." (28 Cal.2d at p. 617.) The respondent's request for

---

[4] The Board's contention that section 1160.8 creates a special statutory proceeding and not a civil action subject to the general rules of civil procedure is probably answered by this court's decision in *Agricultural Labor Relations Bd.* v. *Superior Court (Sam Andrews' Sons)* (1983) 149 Cal.App.3d 709 [196 Cal.Rptr. 920]. There, we distinguished civil "actions" controlled by the provisions of part 2 of the Code of Civil Procedure (which include § 904.1) and "special proceedings" which are controlled by special procedural rules. (Code Civ. Proc., §§ 22, 23.) We held that section 1160.4 which authorizes temporary injunctive relief to the Board while the administrative process is pending authorizes a civil action subject to the general rules of civil procedure including an automatic stay of mandatory injunctions on appeal. (*Agricultural Labor Relations Bd.* v. *Superior Court (Sam Andrews' Sons), supra,* 149 Cal.App.3d 709, 718; Code Civ. Proc., § 916.) Although the discretion vested in the superior court to enforce the final Board order is much narrower than the discretion vested in the court under section 1160.4 (see *Agricultural Labor Relations Bd.* v. *California Coastal Farms, Inc.* (1982) 31 Cal.3d 469, 480 [183 Cal.Rptr. 231, 645 P.2d 739]; *Agricultural Labor Relations Bd.* v. *Laflin & Laflin* (1979) 89 Cal.App.3d 651, 679 [152 Cal.Rptr. 800]), the Board's action to enforce its order under section 1160.8 is nonetheless adversarial in nature, enforces rights and requires the exercise of some judicial discretion to determine whether a "writ of injunction or other proper process" should issue.

appellate review of the enforcement order was denied by the Supreme Court in the following holding: "Section 93 of the Labor Code has as its objective an adjudication in contempt if noncompliance persists. This being so, an order directing compliance, *which expressly contemplates a further order,* is intermediate in character, and *any review thereof should await a subsequent adjudication in contempt."* (*Ibid.;* italics added.)

We first observe that *Gue* is factually distinguishable from the present case in that here the judgment does not expressly contemplate an order of contempt. While contempt is the ultimate remedy for appellant's failure to comply with the judgment under section 1160.8, it cannot be presumed that appellant would have disobeyed the injunctive order. To the contrary, a party subject to an enforcement judgment must be given a reasonable opportunity to obey the injunction; prior noncompliance with the Board's unenforceable order becomes irrelevant with reference to compliance with the judicial order.

In *Dow* v. *Superior Court* (1956) 140 Cal.App.2d 399, 410-411 [297 P.2d 30], the superior court in a probate proceeding issued an order for the payment of attorney's fees by the administratrix of the estate. The administratrix appealed and did not pay the fee. Thereafter, a contempt action was commenced. The party seeking disbursement of the fees challenged the right of the administratrix to appeal, arguing that the order was intermediate in nature in that it was only the initial step in a contempt proceeding, citing *Gue* v. *Dennis, supra,* 28 Cal.2d 616. The Court of Appeal rejected that argument, reasoning that the order to pay fees was an ordinary order directing "payment of a debt or claim" under then Code of Civil Procedure section 963 (now Code Civ. Proc., § 904.1 and Prob. Code, § 1240, subd. (m).) The court distinguished *Gue* on the ground that the order before it "neither expressly nor by necessary implication indicates that a contempt proceeding is in progress." (*Dow* v. *Superior Court, supra,* 140 Cal.App.2d at p. 410.)

The Supreme Court has declared a general test for determining whether a judgment is final or interlocutory: "... where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." (*Lyon* v. *Goss* (1942) 19 Cal.2d 659, 670 [123 P.2d 11]; see also *Palo Alto-Menlo Park Yellow Cab Co.* v. *Santa Clara County Transit Dist.* (1976) 65 Cal.App.3d 121, 129 [135 Cal.Rptr. 192].)

It is quite clear that the enforcement judgment in the present case was final; it determined all of the rights and liabilities of the parties insofar as the unfair labor practice dispute, the procedural regularity of the Board's order and the appellant's noncompliance. The only determination left was the question of future compliance which is present in every judgment.

## II. *There Is No Statutory Ambiguity Permitting a Judicial Interpretation Foreclosing a Right to Appeal.*

█ The Board next argues that the Legislature could not have intended the enforcement judgment to be appealable because it would contravene the policy of prompt resolution of agricultural disputes. The ALRA contemplates the expeditious enforcement of final orders in labor disputes, a policy designed by the Legislature to bring certainty, stability and justice to California's agricultural fields. (Stats. 1975 (3d Ex. Sess.) ch. 1, § 1, p. 4013; see Levy, *The Agricultural Labor Relations Act of 1975—La Esperanza De California Para El Futuro* (1975) 15 Santa Clara L.Rev. 783, 784.) Prompt resolution of disputes is evident in the shortened time periods for seeking review of Board orders, in the option of summary denial of petitions for review in the Court of Appeal (*Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd.* (1979) 24 Cal.3d 335, 350-351 [156 Cal.Rptr. 1, 595 P.2d 579]), and in the abbreviated superior court enforcement proceedings (§ 1160.8).

We agree with the Board's contention concerning the desirability of prompt enforcement of final Board orders in labor disputes and the expeditious review of such orders, if possible. If we were writing on a clean slate, we would hold that the review procedure provided in section 1160.8—the petition for review in the Court of Appeal—is the exclusive means of appellate review of Board orders; that no direct appellate review of a judgment enforcing such an order would be permitted.[5]

---

[5] Realistically, there is no need for a right to appeal from the enforcement judgment. If the party aggrieved does not comply with the judgment, it will be enforced by contempt proceedings (Code Civ. Proc., § 1209 et seq.) at which time the party will be afforded a full panoply of rights including proof that it disobeyed the judicial order "beyond a reasonable doubt." (*Ross* v. *Superior Court* (1977) 19 Cal.3d 899, 913 [141 Cal.Rptr. 133, 569 P.2d 727].) The party may also present its inability or good faith efforts to comply with the court order as defenses. (*In re Moulton* (1950) 100 Cal.App.2d 559, 562-563 [224 P.2d 76]; *Uhler* v. *Superior Court* (1953) 117 Cal.App.2d 147, 154 [255 P.2d 29].) Furthermore, the absence of a right to appeal from the enforcement judgment would enable the aggrieved party to challenge the superior court's jurisdictional findings of procedural regularity and noncompliance by seeking an extraordinary writ of certiorari in the appellate court. The Board would also have the right to seek mandamus in the appellate court should the superior court abuse its discretion by refusing to enforce the order. Thus, the review procedures contemplated in section 1160.8

However, we are not writing on a clean slate. The explicit language of section 1160.8 calls for a hearing in the superior court, the determination of preliminary issues and the issuance of a "writ of injunction or other proper process" to enforce the Board's order. The Legislature must be presumed to have been aware of the law governing appeals from final judgments and orders granting injunctions in civil actions and special proceedings (Code Civ. Proc., § 904.1; *Knoll* v. *Davidson, supra,* 12 Cal.3d 335), and if it did not intend those procedures to apply to enforcement judgments under section 1160.8, it would have said so.

Judges may not construe a statute to ascertain the legislative intent behind the statute unless there is some ambiguity or uncertainty on the face of the statute. (58 Cal.Jur.3d, Statutes, § 84, pp. 434-435.) We find no ambiguity in section 1160.8 insofar as the finality of the enforcement judgment for purposes of Code of Civil Procedure section 904.1, subdivision (a), and whether it constitutes "an order granting . . . an injunction" under Code of Civil Procedure section 904.1, subdivision (f). Because the statute does not expressly preclude an appeal, the judgment is appealable. (*Knoll* v. *Davidson, supra,* 12 Cal.3d at p. 343.)

III. *Frivolity of the Appeal.*

Having determined that the judgment under section 1160.8 is appealable, we wish to express a caveat: As we view it, most appeals of such judgments will be frivolous in nature. Only two findings are required by the superior court as a condition to the issuance of the "writ of injunction or other proper process" enforcing the order. These are (1) the procedural regularity of the order and (2) the refusal of the party subject to the order to comply therewith. Traditional equitable standards are not invoked. By the time the enforcement judgment is entered in the typical case, any serious question of procedural regularity will have long since been corrected or waived by a failure to object to the irregularity in a petition for review in the Court of Appeal. The question of refusal to comply with the Board order is a fact question for the superior court which seldom will be overturned on appeal. Normally, Board declarations of noncompliance and notice will be sufficient evidence to support a "refusal" finding in this context. Thus, it is difficult to imagine a case where an appeal from the judgment will be filed for any purpose other than to delay the enforcement of the judgment. In such a case, the Courts of Appeal will be quick to impose severe sanctions against the appealing party and their attorneys. (Code Civ. Proc., § 907; *In re Marriage of Flaherty, supra,* 31 Cal.3d 637; Cal. Rules of Court, rule 26(a).)

---

afford full procedural due process without the right to appeal under Code of Civil Procedure section 904.1.

## IV. *Parts of the Injunction Are Prohibitory and Therefore Not Stayed by the Appeal.*

The ALRB argues that the provision ordering appellant to "cease and desist" from "unilaterally changing its hiring practices" by subcontracting "or otherwise making any unilateral changes in its agricultural employees' wages, hours, or working conditions, without prior notice to and bargaining with the United Farm Workers . . ." is prohibitory and therefore not subject to the automatic stay on appeal. Appellant argues that this language is mandatory in effect because it would require it to terminate its present work force.

Although an order to cease employing a worker or class of workers would be mandatory because it would require the employer to terminate present employees (*Agricultural Labor Relations Bd.* v. *Superior Court (Sam Andrews' Sons), supra,* 149 Cal.App.3d at p. 713), the present injunction does not require the termination of employees or subcontractors who had been hired before the order was made. The court's order is not nunc pro tunc to the date of the underlying ALRB order. It only requires appellant not to enter into any *more* subcontracts or otherwise change the conditions of employment without giving notice and negotiating with the UFW. Appellant is *not* ordered to enter into negotiations, it is simply told not to make changes *without* negotiating. This is a prohibitory order. No positive action is compelled by it, so it is not stayed by the appeal.

Other parts of the order are clearly mandatory and are stayed by the appeal. (Code Civ. Proc., § 916; *Agricultural Labor Relations Bd.* v. *Superior Court (Sam Andrews' Sons), supra,* 149 Cal.App.3d 709.)

## V. *Substantial Evidence Supports the Trial Court's Finding That Appellant Refused to Comply With the Board Order.*

The judgment issued by the superior court mirrors the relevant language of section 1160.8. Appellant had admitted that the Board order was final and procedurally correct, so the only issue left was whether appellant had "refused" to comply with the order. Appellant contends that a refusal to comply is more than a failure to comply with the order, that refusal involves a "willful, conscious and deliberate act." Appellant's argument is intended to increase the quantum of evidence needed to support an enforcement order. Mere noncompliance therefore would not be enough without some proof that the person subject to the Board order had a positive intention to disobey the order.

"Refusal" does imply an intentional or deliberate failure or unwillingness to discharge a duty as distinguished from a "failure" through inattention, inaction or inadvertence. The evidence, however, fully supports the trial court's finding that appellant intentionally and deliberately failed to comply with the Board's order.

The order told appellant not to subcontract bargaining unit work or otherwise unilaterally change its hiring practices and other conditions of employment without notice to and bargaining with the UFW, the certified bargaining representative. The evidence of appellant's refusal to comply with the order is contained in four declarations and attached correspondence. The declaration of Agripina Castellon states that in February and March of 1984 appellant subcontracted pruning work in its Delano operations through labor contractors, displacing union workers. The declaration of Juan Cervantes, the UFW's negotiator in charge of negotiations with appellant, lists several incidents in late 1983 and early 1984 when appellant allegedly subcontracted out work without providing notice or an opportunity to bargain to the union. A second declaration by Cervantes states that appellant unilaterally terminated all of its tractor drivers and irrigators on April 7, 1984, and subcontracted out the work to Lem Leffler and Gilbert Renteria, labor contractors. This declaration is accompanied by a memo from appellant's vice president to "all Tex-Cal Land Management Employees" dated April 7, 1984, informing them that April 7, 1984, was their last day of work.

The declaration of Encarnacion Oropeza-Zamora, a former irrigator for appellant, describes the events of April 7, 1984, when she was laid off. She states that David Caravantes, appellant's vice president, explained the layoffs to the workers as the company's response to union negotiating demands and told the workers that the company was shutting down. Two days later she saw workers employed by Gilbert Renteria and Lem Leffler doing irrigation and tractor work where she worked before the layoff.

The declaration of Luis Lopez, the ALRB's Delano regional director, stated that Caravantes failed to respond to a letter regarding compliance with 8 ALRB 85 and that Caravantes cancelled a meeting with ALRB legal staff in May 1984. The telegram sent by Caravantes canceling the meeting is attached and states that "there is no chance to resolve dispute."

Appellant submitted the counterdeclaration of David Caravantes in opposition. He states that he did inform Cervantes, the UFW representative, of appellant's plans to subcontract work and offered to negotiate on many occasions. Letters are attached to the declaration supporting this claim. He

explains his cancellation of the meeting with the ALRB as a consequence of pending litigation involving the same matters.

■ Appellant contends that parts of the declarations submitted by the ALRB are "without foundation" and that other parts are untrue—pointing to the opposing declaration of David Caravantes as the obvious truth. These arguments only demonstrate that there was a conflict in the evidence before the trial court. Because this is a substantial evidence question, such a showing does not justify a reversal of the trial court's implied finding of noncompliance.

Appellant's further argument, that evidence of noncompliance is insufficient evidence of *refusal* to comply, is almost frivolous. Even if "refusal" requires a positive intention to disobey, when appellant had notice of the ALRB order, evidence of noncompliance is circumstantial evidence that its conduct was willful. There is no need for direct evidence that someone representing appellant said "I will not comply." Failure to comply with a known, admittedly lawful and final directive *is* a refusal to comply unless there is proof of an *inability* to comply. Even if the company was in financial difficulties, it could have negotiated with the UFW and met with the ALRB representative to discuss compliance. Here, we have direct evidence that it refused to do the latter (the Caravantes telegram) and at least some evidence that it did not always notify or negotiate with the UFW. This is enough to support the trial court's finding that appellant "refused" to comply. Presumably, if appellant or its successors are unable to comply further, they may prove it as a defense in contempt proceedings.

VI. *Disposition.*

The Board's motion to dismiss the appeal is denied; the judgment is affirmed. The petition for writ of mandate is granted to the extent that the order is prohibitory. The superior court should consider the contempt proceeding. As to the mandatory elements of the order, the petition is denied.

Hanson (P. D.), J., and Best, J., concurred.