Filed 4/7/23 Guaranty Solutions Recovery Fund 1 v. Osmond CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| GUARANTY SOLUTIONS RECOVERY FUND 1 LLC,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>GEORGE RICHARD OSMOND, JR.,<br><br>      Defendant and Respondent. | E078758<br><br>(Super.Ct.No. RICl103436)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County. Chad Firetag, Judge. Affirmed.

Wong Fleming and Daniel C. Fleming for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Guaranty Solutions Recovery Fund 1 LLC (Guaranty) is the assignee of the judgment entered in this action against George Richard Osmond Jr. on June 27, 2011. The 10-year period to renew the judgment (Code Civ. Proc., § 683.130, subd. (a)) expired

1

on June 27, 2021. Thus, when Guaranty filed an application to renew the judgment on December 20, 2021, the trial court denied it as untimely.

Guaranty contends that its application was timely under Emergency rule 9(a), Appendix I to the California Rules of Court (Emergency rule 9(a)) — adopted in light of the COVID-19 pandemic — which tolls "statutes of limitations and repose for civil causes of action . . . from April 6, 2020, until October 1, 2020."

We will hold that an application to renew a judgment is not a "civil cause of action" within the meaning of Emergency rule 9(a). Guaranty relies on an Advisory Committee comment indicating that the rule also applies to "special proceedings." However, an application to renew a judgment also is not a special proceeding within the meaning of the comment.

I

FACTUAL AND PROCEDURAL BACKGROUND

Commonwealth Land Title Insurance Company filed this action against George Richard Osmond, Jr. On June 27, 2011, the trial court entered a default judgment against Osmond for a total of $38,995.05.

In 2019, Guaranty filed a notice that the judgment had been assigned to it.

On April 23, 2021, Wong Fleming, a law firm, through One Legal, a litigation support service, attempted to file a substitution of attorney on behalf of Guaranty. The trial court rejected it for unknown reasons. On April 29, 2021, One Legal attempted to

2

file the substitution again. Again, it was rejected for unknown reasons. Finally, on May 17, 2021, the substitution was filed.

Wong Fleming was not aware that the substitution had been filed. Based on its experience in other California cases, it believed the delay in filing was due to the pandemic. It did not file an application to renew the judgment because it believed it had not yet been substituted in.[1]

On June 21, 2021 — six days before the deadline to renew the judgment — One Legal informed Wong Fleming that it did not know whether the substitution had been filed.

On December 16, 2021, in a phone call with the court clerk, Wong Fleming learned for the first time that the substitution had in fact been filed.

On December 20, 2021, Guaranty attempted to file an application to renew the judgment. However, it was rejected as untimely. Guaranty then filed a series of three applications for leave to apply to renew the judgment, nunc pro tunc, as of June 26, 2021.

The first application is not in the record. It was submitted on or about January 3, 2022 and denied, without prejudice, on January 10, 2022. The trial court explained, "[M]oving party has not described sufficiently any error on the part of the clerk or demonstrated why relief should be granted."

---

[1] Guaranty claims that Wong Fleming made "countless attempts to contact the [t]rial [c]ourt to follow up on the status of the filed Substitution of Attorney . . . ." There is no evidence of this in the record.

3

In the second application, submitted on or about January 14, 2022, Guaranty argued that its failure to file a timely application to renew the judgment was "due to clerical error/failure of the Court to confirm that a filed Substitution of Attorney was accepted." On January 28, 2022, the trial court denied the application. It explained: "There is no showing of a clerical error in not giving notice that the substitution of attorney was accepted, as the Court is unaware of any authority to suggest that a court is obligated to give that notice. . . . [T]here is no showing that the clerk erred in rejecting a renewal of judgment on June 26, 2021 because no renewal was presented to the clerk on that date."

In the third application, submitted on or about February 2, 2022, Guaranty argued that under Emergency rule 9(a), adopted in response to the pandemic, the time to renew the judgment had been tolled from April 6 to October 1, 2020, so the December 20, 2021 application to renew the judgment was timely.[2] On February 4, 2022, the trial court denied the application. It ruled that Emergency rule 9(a) did not apply to an application to renew a judgment.

Guaranty appeals solely from the denial on February 4, 2022.

---

[2] We question whether filing the third application violated Code of Civil Procedure section 1008. However, we need not decide this question.

4

## II

## THE EFFECT OF EMERGENCY RULE 9(A)

Emergency rule 9(a) states: "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020."

According to an Advisory Committee comment, "Emergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action. The term 'civil causes of action' includes special proceedings. (See Code Civ. Proc., §§ 312, 363 ['action,' as used in title 2 of the code (Of the Time of Commencing Civil Actions), is construed 'as including a special proceeding of a civil nature'); special proceedings of a civil nature include all proceedings in title 3 of the code, including mandamus actions under §§ 1085, 1088.5, and 1094.5 — all the types of petitions for writ made for California Environmental Quality Act (CEQA) and land use challenges] . . . .)"

An application to renew a judgment does not "assert[] a civil cause of action." The cause or causes of action were asserted previously in the complaint that resulted in the judgment. "[T]he Judicial Council clearly and repeatedly expressed its intent that Emergency rule 9 applies only to *initial pleadings* that *commence* a civil cause of action or special proceeding. [Citations.]" (*People v. Financial Casualty & Surety, Inc.* (2021) 73 Cal.App.5th 33, 40.)

An application to renew a judgment also is not a "special proceeding." "'The phrase "special proceeding" . . . has no reference to provisional remedies in actions at law or in equity. It has reference only to such proceedings *as may be commenced independently of a pending action* by petition or motion upon notice in order to obtain special relief.' [Citation.] 'The phrase therefore appears to apply only to a proceeding which is distinct from, and not a mere part of, any underlying litigation.' [Citation.]" (*National Financial Lending, LLC v. Superior Court* (2013) 222 Cal.App.4th 262, 272.) An application to renew a judgment is a part of the original underlying action.

Guaranty relies on the statement in the Advisory Committee comment that "special proceedings of a civil nature include all proceedings in title 3 of the code . . . ." It then asserts that rule 3.1900 of the California Rules of Court, entitled "Notice of renewal of judgment," is part of "title 3."

This argument is frivolous. For one thing, California Rules of Court, rule 3.1900 does not provide any proceeding for the renewal of judgments. It merely provides a procedural requirement that, once a judgment has been renewed, a copy of the application must be attached to the notice of renewal that must be served on the judgment debtor.

The more fundamental problem with this argument is that "title 3," as used in the Advisory Committee comment, is obviously a misnomer for part 3 of the Code of Civil Procedure. Part 3 is entitled, "Of Special Proceedings of a Civil Nature." "Typical special proceedings are designated as such in part 3 of the Code of Civil Procedure."

6

(*Agricultural Labor Relations Bd. v. Superior Court* (1983) 149 Cal.App.3d 709, 714, fn. omitted.)

The comment cites the Code of Civil Procedure; it quotes a statute that refers to title 2 of "the code"; and then it refers to "title 3 of the code." Although it said "title," rather than "part," it evidently had the Code of Civil Procedure in mind. Certainly "title 3 of the *code*" (italics added) cannot refer to the California *Rules of Court*. Moreover, there are multiple "title 3's, in the Code of Civil Procedure;[3] their subject matter is irrelevant, and it would be absurd to construe the Advisory Committee comment as referring to them.

As if that were not enough, the comment specifies that "proceedings in title 3 of the code[] includ[e] mandamus actions under §§ 1085, 1088.5, and 1094.5" — all sections that are in part 3 of the Code of Civil Procedure, not the California Rules of Court.

"We independently review Judicial Council emergency rules. [Citation.]" (*People v. Financial Casualty & Surety, Inc.*, *supra*, 73 Cal.App.5th at p. 39.) Having done so, we agree with the trial court that Emergency rule 9(a) did not extend Guaranty's time to file an application to renew the judgment.

---

**3** Part 1, title 3 is entitled, "Persons Specially Invested with Powers of a Judicial Nature." Part 2, title 3 is entitled, "Of the Parties to Civil Actions." Part 3, title 3 is entitled, "Of Summary Proceedings." Part 4, title 3 is entitled, "Of the Production of Evidence."

7

III

DISPOSITION

The order appealed from is affirmed.  Costs on appeal are not awarded.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

CODRINGTON
J.

MENETREZ
J.

8